LINZ, APPELLANT, *v.* LINZ, APPELLEE.

[Cite as Linz v. Linz (1972), 33 Ohio App. 2d 174.]

(No. C-72110—Decided October 30, 1972.)

*Messrs. Paxton & Seasongood* and *Mr. Jacob K. Stein,* for appellant.

*Messrs. Beirne, Wirthlin & Manley* and *Mr. C. R. Beirne,* for appellee.

SHANNON, J. This is an appeal from the Court of Common Pleas of Hamilton County, Division of Domestic Relations, wherein a judgment denying a divorce was rendered.

The action was commenced with a complaint for divorce and other relief. Defendant, appellee herein, answered and counterclaimed for alimony only. For reasons not here germane, the case was transferred from the Court of Domestic Relations to a judge of the Court of Common Pleas. By agreement between counsel for the parties and the court, the case was tried only on the issue of divorce, it being stipulated and ordered that questions of alimony and a division of property would be deferred pending final adjudication of the question whether plaintiff, appellant herein, was entitled to a divorce.

The trial court determined that the plaintiff had "not

sustained the burden of proof to support the allegations of his complaint'' and dismissed that complaint ''with prejudice.'' The journal entry also ordered that the matter be continued with respect to the issues raised by the counterclaim.

Two errors have been assigned: (1) That the judgment and final order rendered below were contrary to the evidence, and (2) that the judgment and final order rendered below were contrary to law.

Before considering the merits of this appeal, this court is constrained to note its strong disapproval of the method of trial adopted below. The only apparent purpose of the procedure followed was to avoid the possibly onerous task of determining the questions of alimony and property rights. If such practice became common, and bifurcated appeals became the mode, the chaos which would follow both here and in the trial court is easy to forecast.

Counsel for the appellee did not raise the question whether the order below is one which is appealable, a failure which is understandable because he was a party to the stipulation that ''the case would be considered only on the issues made by the complaint of the plaintiff and the answer of the defendant, and that no decision would be requested by the parties * * * on the counterclaim of the defendant.'' We have decided to entertain the appeal on its merits for two compelling reasons. First, to resolve the issues here so that upon remand the case can be completed and justice rendered between the litigants. Secondly, to register our disapproval of the bifurcation of trial in a court of domestic relations.

Appellant urges that the sole issue broached by his assignments of error is: ''Can conduct on the part of a plaintiff in a divorce case which would not be grounds for the granting of a divorce to the defendant nonetheless constitute sufficient grounds for denying a divorce to the plaintiff?'' Such protest assumes that the trial court denied the prayer for divorce upon the theory of recrimination. The record, however, belies this. The trial court found specifically that the plaintiff failed to support the allegations of his complaint.

Essentially, the testimony establishes that the defendant overheard a telephone conversation between plaintiff and a woman, the nature of which need not be stated here but which formed the basis for defendant's insistence that plaintiff leave their home. Whether the behavior of plaintiff will entitle defendant to relief upon her counterclaim remains a question to be resolved when she is afforded an opportunity to adduce evidence to support the allegations therein.

We cannot speculate as to what conclusion a trier of fact will arrive at upon testimony yet to be heard. Whether defendant will be successful where plaintiff failed remains to be seen, and the effect of plaintiff's acts and words are yet to be gauged.

Our task is to decide what is before us. We conclude that the assignments of error are not well taken. The court below did not err in finding upon fact and law that the testimony and evidence failed to prove the allegations of the complaint. No case meriting dissolution of the marriage contract was made. Therefore, the judgment from which this appeal is taken must be affirmed.

The decision in this case is not to be viewed as establishing a precedent for future review of judgments of a court of domestic relations rendered piecemeal in a case. The procedure below is not conducive to effective administration of a division of a court with the burden of disposing of almost one-half of all cases filed in the Court of Common Pleas annually.

Justice requires that the same trier of facts who determined plaintiff's case hear and determine that of the defendant and, ultimately, dispose of the case in its entirety. Accordingly, the judgment here appealed from is affirmed and this cause remanded for disposition to the judge rendering such judgment.

*Judgment affirmed and cause remanded.*

HESS, P. J., and YOUNG, J., concur.