NICKELL ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* GONZALEZ, APPELLEE AND CROSS-APPELLANT.

(No. C-860074—Decided December 31, 1986.)

*Marlene Penny Manes,* for appellants and cross-appellees.

*John W. Hust* and *D. Marc Routt,* for appellee and cross-appellant.

DOAN, P.J.

## I

This action was originally commenced by plaintiffs-appellants-cross-appellees Donna and Ruby Nickell ("Nickells") in an effort to recover for injuries allegedly resulting from a surgical procedure performed on Donna Nickell by defendant-appellee-cross-appellant Dr. Luis Gonzales ("Dr. Gonzalez"). Dr. Gonzalez admitted that he performed a surgical procedure on Mrs. Nickell, specifically a resection of her left first rib and division of the scalene muscle, in order to relieve what is known as a thoracic outlet syndrome, an occasional numbness and/or tingling of the arm. Dr. Gonzalez further admitted that Mrs. Nickell subsequently suffered a condition called brachial plexus palsy, leaving her with a deformity of the hand and arm, and permanently disabling her.

### A. The First Trial

The first trial of this action went to the jury solely on the issue of informed consent, and the jury returned a verdict in favor of Dr. Gonzalez. The Nickells filed a motion for judgment n.o.v. and/or a new trial. The Nickells claimed three grounds for this motion: (1) that the judge erred in failing to direct a verdict for them on the issue of informed consent; (2) the judge erred in failing to give requested negligence instructions; and (3) the judge erred in failing to give requested instructions on the issue of *res ipsa loquitur.*

Without reaching the other grounds, the trial judge granted the Nickells judgment n.o.v. on the issue of informed consent and granted a new trial solely on the issue of damages.[1]

### B. The Second Trial

A second jury was impaneled and only heard testimony on the question of damages suffered by the Nickells. The second jury also held in favor of Dr. Gonzalez, by returning a verdict that no damage had been suffered by the Nickells. The Nickells again filed a motion for judgment n.o.v. and/or a new trial based on alleged errors in the second trial, and the trial judge denied the motion, and both parties appealed.

### C. The First Appeal

In *Nickell* v. *Gonzalez* (Feb. 22, 1984), Hamilton App. No. C-830460, unreported, this court held that the trial judge had abused his discretion by granting the judgment n.o.v. and the new trial; therefore, the first trial's jury verdict in favor of Dr. Gonzalez was reinstated. The Nickells appealed this court's decision to the Ohio Supreme Court, which affirmed the judgment. *Nickell* v. *Gonzalez* (1985), 17 Ohio St. 3d 136, 17 OBR 281, 477 N.E. 2d 1145.

## II

Within fourteen days of the decision of the Supreme Court, the Nickells filed their third motion for judgment n.o.v. and/or a new trial in the trial court. This motion included the two grounds not ruled on directly after the first trial, along with an additional ground never before presented. The two grounds that were the same as presented following the first trial were that the trial court failed to give

---

[1] Dr. Gonzalez appealed the grant of the judgment n.o.v. and grant of the new trial. This court dismissed that appeal as being premature. *Nickell* v. *Gonzalez* (Jan. 22, 1981), Hamilton App. No. C-800866, unreported.

requested instructions to the jury on negligence and *res ipsa loquitur*. The new ground not previously asserted was jury misconduct. Dr. Gonzalez responded with a motion to strike and for the imposition of sanctions pursuant to Civ. R. 11. The court below denied the Nickells' motion and Dr. Gonzalez's request for sanctions, and granted the motion to strike. Both parties timely appeal in the matter *sub judice*.

Two assignments of error are presented by the Nickells. The first is that the trial court erred in granting Dr. Gonzalez's motion to *strike* their motion.[2] The second assignment alleges error in *denying* the Nickells' motion. The trial court's *denial* of the motion, if proper, renders moot the question of whether the motion can be *stricken*. Civ. R. 61. Therefore, the first assignment is subsumed by the second, and the resolution of the second is necessarily determinative of the first.

### III

The propriety of the denial involves two issues, with the first being the question of whether the trial court had jurisdiction to rule on the Nickells' motion. If the trial court is without jurisdiction to hear the motion it cannot grant it.

The Nickells argue that because the grounds they raised in their motion after the first trial were never ruled on by the trial court, they are entitled to raise them pursuant to Civ. R. 50 and 59 for the reason that R.C. 2505.39 requires a reviewing court which pronounces judgment to send a mandate

to the court below for execution. "The court to which such mandate is sent shall proceed as if such judgment or final order had been rendered therein." *Id.* The Nickells therefore conclude that they had fourteen days from the date the mandate sent by the Ohio Supreme Court was entered in the trial court to file their motion for judgment n.o.v. and/or a new trial on grounds which had not been previously raised or ruled on.

Neither party has cited us any authority directly on the issue and facts in the instant matter and our research has revealed only one factually similar case.[3] The one case cited in support of the Nickells' argument, *Townley* v. *A. C. Miller Co.* (1941), 139 Ohio St. 153, 22 O.O. 131, 38 N.E. 2d 578, is inapposite. *Townley* was a case decided before the adoption of the Rules of Civil Procedure and deals with a very different fact situation. In *Townley,* the judgment for the plaintiff, who prevailed in the trial court, was reversed on appeal, and judgment was entered for the defendant. *Townley, supra,* at 154-155, 22 O.O. at 132, 38 N.E. 2d at 579. In the case *sub judice,* the Nickells were unsuccessful in the first trial and had full opportunity to make all the post-trial motions permitted by the rules, an opportunity which was completely lacking in *Townley.* Thus, we do not find *Townley* controlling in this case.

It is further claimed that because the Nickells' two alternative grounds were not specifically ruled on by the trial court after the conclusion of the first trial, there was no opportunity for appellate review of those claims. We

---

[2] The Nickells also claim the motion constituted a relief from judgment issue, Civ. R. 60; however, that claim was not argued to the trial court and we are therefore precluded from considering it as such.

[3] We recognize that our decision is in conflict with *Conway* v. *Chemical Leaman Tank Lines, Inc.* (C.A. 5, 1981), 644 F. 2d 1059, but we decline to follow that case for the reasons stated in our opinion.

disagree. When those claims were not ruled upon they were effectively denied. The trial court's inaction and result were fully reviewable on appeal, especially since Dr. Gonzalez had assigned as error an abuse of discretion by the judge when he substituted his judgment for that of the jury after the first trial in granting judgment n.o.v.

The Rules of Civil Procedure are to be construed and applied to eliminate delay and all impediments to the expeditious administration of justice. Civ. R. 1(B). To write a rule such as the Nickells desire would create a circularity of actions, undermine the necessary finality of judgments, and create needless extra costs for litigants. Whatever may be said of the Rules of Civil Procedure, it is not one of their purposes to permit unnecessarily fragmented appeals. *Whitaker-Merrell Co.* v. *Carl M. Geupel Constr. Co.* (1972), 29 Ohio St. 2d 184, 58 O.O. 2d 399, 280 N.E. 2d 922. Similarly, we have noted that the policy of the law of Ohio frowns upon bifurcated appeals. See, *e.g., Linz* v. *Linz* (1972), 33 Ohio App. 2d 174, 62 O.O. 2d 260, 293 N.E. 2d 100.

Finality of judgments is necessary to allow litigants to proceed with their lives without fear of being brought back into court for another adjudication of the same cause of action. That is one reason why the doctrine of *res judicata* operates to prevent repeated attacks on a final judgment, and applies not only to what was determined in a prior suit, but also to every question which might properly have been litigated. *Stromberg* v. *Bd. of Edn. of Bratenahl* (1980), 64 Ohio St. 2d 98, 18 O.O. 3d 343, 413 N.E. 2d 1184.

The Nickells' theory also offends the intent and sense of Civ. R. 54(B). "The general purpose of Civ. R. 54(B) is to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals * * *." *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 160, 3 O.O. 3d 174, 175, 359 N.E. 2d 702, 703. The rule provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * *, and * * * is subject to revision at any time before the entry of judgment adjudicating all the claims * * *." Civ. R. 54(B). Thus, where, as in this case, an order adjudicates fewer than all of the parties' issues in a claim for relief, the entry of judgment terminates all the issues and they are merged into the final judgment and are reviewable. *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301, 75 O.O. 2d 358, 348 N.E. 2d 342.

We hold, therefore, that the two grounds raised in the initial motions following the first jury trial were reviewable when this cause was first properly appealed to this court. Further, we hold that the trial court was without jurisdiction to hear those motions which are the subject of this appeal because they had been waived earlier. Similarly, we hold that the ground additionally asserted of jury misconduct was not timely filed. Civ. R. 59 and 60. This decision protects the important policies of expeditious administration of justice, reducing time and costs of litigation, and protects the finality of judgments without placing an undue burden on litigants.

IV

Assuming, *arguendo,* that we are incorrect in our reasoning in the preceding section we find that the trial court properly denied the motions on the merits.

The law of the case doctrine operates to preclude the Nickells' claims that negligence or *res ipsa lo-*

*quitur* instructions should have been given at the first trial. The doctrine provides that the decision of a reviewing court in a case remains the law of that case on all legal questions involved in any subsequent proceedings. *Nolan* v. *Nolan* (1984), 11 Ohio St. 3d 1, 11 OBR 1, 462 N.E. 2d 410. The rule is necessary to ensure consistency of results in a case, and to avoid endless litigation by determining the issues with finality. See, *e.g., State, ex rel. Potain,* v. *Mathews* (1979), 59 Ohio St. 2d 29, 13 O.O. 3d 17, 391 N.E. 2d 343.

In reviewing our previous decision in this case, the Supreme Court of Ohio discussed the critical issue of proximate cause: "* * * Dr. Gonzalez, contrary to [the Nickells'] protestations, never admitted such proximate causation and Dr. Kleinert [the Nickells' expert witness] never directly stated that any action or inaction by Dr. Gonzalez caused the palsy." *Nickell* v. *Gonzalez* (1985), 17 Ohio St. 3d 136, 139, 17 OBR 281, 283-284, 477 N.E. 2d 1145, 1149.

Proximate cause is an element of a plaintiff's *prima facie* case of negligence. *Hitchens* v. *Hahn* (1985), 17 Ohio St. 3d 212, 17 OBR 447, 478 N.E. 2d 797. Similarly, to warrant the application of the doctrine of *res ipsa loquitur* the plaintiff must adduce evidence that the instrumentality in the exclusive control of the defendant *caused* the injury. *Morgan* v. *Children's Hospital* (1985), 18 Ohio St. 3d 185, 18 OBR 253, 480 N.E. 2d 464. In their briefs before us, the Nickells argue that causation can be found precisely where the Supreme Court determined it could not be found. The trial court was precluded from finding causation because of the prior determination of our Supreme Court. We have reviewed the record and can find no other evidence sufficient to meet the Nickells' burden of proof to show causation.[4] The trial court may properly refuse to give a requested instruction unless it is pertinent to an issue raised by the evidence in a case. *Pallini* v. *Dankowski* (1969), 17 Ohio St. 2d 51, 46 O.O. 2d 267, 245 N.E. 2d 353, paragraph two of the syllabus. Thus, the instructions were properly refused and the trial court properly denied the post-trial motions as they related to the requested instructions, because the Nickells failed to demonstrate the necessary *prima facie* cases.

The alleged ground of jury misconduct was also properly overruled. The Nickells failed to comply with the Ohio Rules of Evidence in presenting the alleged jury misconduct to the trial judge. In the record there are only affidavits of two jurors swearing that a dictionary was used in the deliberations in the first trial. A juror may testify on a question of whether extraneous prejudicial information was improperly brought to the jury's attention only *after* some outside evidence of the improper information has been presented. Evid. R. 606(B). The Nickells failed to present any outside evidence and the trial court properly denied the motions on this ground.

## V

Dr. Gonzalez has appealed the denial of his motions for sanctions. Civ. R. 11. We find that because of the novel issue presented by appellants and the dearth of reported opinions,

---

[4] The Nickells argue that an agreement was made between counsel to try the action solely on informed consent and then Dr. Gonzalez adduced evidence on causation. We fail to see how this is an argument for negligence and *res ipsa loquitur* instruc- tions. If a defendant-doctor can prove he did not cause the injury, that is a valid defense against an action on informed consent. See, *e.g., Nickell* v. *Gonzalez* (1985), 17 Ohio St. 3d 136, 17 OBR 281, 477 N.E. 2d 1145.

there were sufficient grounds for this appeal and accordingly we affirm the denial of sanctions.

## VI

The two assignments of error of the Nickells are overruled for the reasons stated in this opinion. The single assignment of error presented by Dr. Gonzalez is likewise overruled. The decision of the trial court is affirmed.

*Judgment affirmed.*

KEEFE and BLACK, JJ. concur.