### State v. Davis
*[Cite as 7 AOA 550]*

*Case No. CA89-09-123*
*Butler County, (12th)*
*Decided October 29, 1990*

*John F. Holcomb, Butler County Prosecutor, Daniel G. Eichel, 216 Society Bank Building, Hamilton, Ohio 45012-0515, for Plaintiff-Appellee.*

*Randall M. Dana, Ohio Public Defender, Joann Bour-Stokes and Linda Prucha, 8 East Long Street, 11th Floor, Columbus, Ohio 43266-0587, for Defendant-Appellant.*

YOUNG, P.J.

On December 12, 1983, defendant-appellant, Von Clark Davis, took a .25 caliber semi-automatic handgun and fired four shots from close proximity into the head of his former girl friend, Suzette Butler, outside American Legion Post #520 located at 727 Central Avenue in Hamilton, Ohio. Appellant was subsequently indicted and charged with aggravated murder in violation of R.C. 2903.01(A) with a death penalty specification under R.C. 2929.04(A) (5)[1] and a firearm specification under R.C. 2941.141.

Appellant was also charged with having a weapon while under disability in violation of R.C. 2923.13(A) (2).

Following a waiver of his right to a trial by jury, appellant was tried by a three-judge panel, which found him guilty on all counts. After hearing evidence in mitigation, the panel sentenced appellant to death. This court affirmed both the conviction and sentence. *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, unreported. The Ohio Supreme Court affirmed appellant's conviction for aggravated murder, but reversed the death sentence on the ground that the three-judge panel had improperly considered non-statutory aggravating circumstances in weighing the aggravating circumstances and mitigating factors. *State v. Davis* (1988), 38 Ohio St. 3d 361, certiorari denied (1989), ___ U.S. ___, 109 S.Ct. 849. The supreme court remanded the cause for a new sentencing hearing at which the state could seek whatever punishment was lawful, including the death sentence. *Id*. at 373.

On remand, the reconstituted three-judge panel, limiting its consideration to the evidence presented at the original sentencing hearing, determined that the remaining aggravating circumstance outweighed the mitigating factors and once again imposed the penalty of death. This cause is now before this court on an appeal as of right with appellant presenting five assignments of error as follows:

"Assignment of Error No. 1.
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT DAVIS BY FAILING TO ALLOW HIM TO PRESENT ALL AVAILABLE, RELEVANT MITIGATING EVIDENCE AT HIS RESENTENCING HEARING.

"Assignment of Error No. 2.
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT DAVIS BY SEPARATING DURING ITS SENTENCING DELIBERATIONS.

"Assignment of Error No. 3.
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT DAVIS IN OVERRULING HIS MOTION TO PROHIBIT THREE-JUDGE PANEL FROM RESENTENCING TO DEATH AND HIS MOTION TO WITHDRAW JURY WAIVER.

"Assignment of Error No. 4.
"THE DEATH SENTENCE IMPOSED IN DEFENDANT-APPELLANT [*sic*] CASE WAS INAPPROPRIATE AND DISPROPORTIONATE AND VIOLATED THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 9 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

"Assignment of Error No. 5.
"THE TRIAL COURT ERRED IN IMPOSING THE DEATH SENTENCE ON APPELLANT DAVIS BECAUSE THE DEATH PENALTY SCHEME IN OHIO IS UNCONSTITUTIONAL."
I.

In his first assignment of error, appellant argues that the trial court erred in precluding appellant from introducing additional evidence in mitigation at the resentencing hearing. Upon remand, appellant filed several motions to allow the introduction of mitigating evidence that had arisen since the original sentencing proceeding. The court denied the motions and indicated that defense witnesses need not honor their subpoenas because it would only consider the evidence presented at the original sentencing hearing.[2]

We find no error in the exclusion of the evidence proffered by appellant. It is basic law that a reversal and remand to the trial court for further proceedings has the effect of reinstating the cause in the trial court *in statu quo ante*. *Armstrong v. Marathon Oil Co.* (1987), 32 Ohio St. 3d 397, 418. Accordingly, upon remand the lower court is required to proceed from the point at which the error occurred. *State, ex rel. Stevenson, v. Murray* (1982), 69 Ohio St. 2d 112, 113.

In the present case, the supreme court reversed the death sentence because the panel improperly weighed the aggravating circumstances it found appellant guilty of committing against the mitigating factors it also found to be present. *Davis*, 38 Ohio St. 3d at 372. Thus, the error which resulted in a reversal occurred at the deliberative stage of the proceedings, *after* the evidence had been submitted to the court. Upon remand, therefore, it was not necessary for the panel to consider additional evidence. As the supreme court expressly held, a mere reweighing was all that was required:

"*** [H]aving found error prejudicial to appellant in the sentencing phase, we reverse appellant's sentence of death and remand the

550

cause to the trial court for a resentencing hearing *solely* for the purpose of determining whether the remaining aggravating circumstance outweighs the mitigating factors presented by appellant, beyond a reasonable doubt." (Emphasis added.) *Id.* at 373.

Appellant argues that limiting the panel's consideration on remand to the evidence presented at the original sentencing hearing and precluding the introduction of additional mitigating evidence, violates the constitutional principles espoused in *Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct. 2954. In *Lockett,* a plurality of the United State Supreme Court concluded:

"*** [T]he Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, *as a mitigating factor,* any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." (Emphasis in original; footnotes omitted.) *Id.* at 604, 98 S.Ct. at 2964-65.

Subsequently, in *Eddings v. Oklahoma* (1982), 455 U.S. 104, 102 S.Ct. 869, a majority of the Court adopted the *Lockett* plurality's approach and held:

"*** Just as the State may not by statute preclude the sentencer from considering any mitigating factor, neither may the sentencer refuse to consider, *as a matter of law,* any relevant mitigating evidence." (Emphasis in original.) *Id.* at 113-15, 102 S.Ct. at 876-77. See also, *Skipper v. South Carolina* (1986), 476 U.S. 1, 106 S.Ct. 1669; *Hitchcock v. Dugger* (1987), 481 U.S. 393, 107 S.Ct. 1821.

We find *Lockett* and its progeny to be inapplicable to the cause *sub judice.* The *Lockett* line of cases stands for the proposition that relevant mitigating evidence may not be wholly excluded from the sentencing authority's consideration in its deliberations. See *Sumner v. Shuman* (1987), 483 U.S. 66, 107 S.Ct. 2716. Here, however, appellant was permitted to introduce ample evidence in mitigation at the original sentencing hearing, including evidence of his good behavior in prison. Such evidence was duly received and considered by the panel, both at the original hearing in 1984 and at the resentencing hearing in 1989. Under such circumstances, no *Lockett* violation is present. See *Franklin v. Lynaugh* (1988), 487 U.S. 164, ___, 108 S.Ct. 2320, 2329. Appellant's first assignment of error is overruled.

II.

In his second assignment of error, appellant contends that the panel below erred by separating during its sentencing deliberations. The record shows that the panel began deliberations on Friday, August 4, 1989. On Monday, August 7, 1989, the panel reconvened and Judge Bruew-er stated:

"Well, we're back on this matter that we started deliberations on last Friday. As most of you know, we did consider and start deliberations on Friday morning. We broke off and individually considered this until this morning and we continued our deliberations since then...and we've come to the conclusion, after considering all the evidence, and we unanimously find that the aggravating circumstances ...or circumstance has been proved [sic] beyond a reasonable doubt and further find by proof beyond a reasonable doubt that the aggravating circumstance outweighs the mitigating circumstances and therefore find that you're guilty, Mr. Davis, and subject to the death penalty."

R.C. 2945.33 and Crim. R. 24(G) (2) (c) require that a jury remain sequestered in a capital case once the matter is submitted to it for deliberations. See *State v. Maurer* (1984), 15 Ohio St. 3d 239, 252, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2714. The rationale behind this requirement is to protect against the dangers of outside influences and jury-tampering during deliberations. A three-judge panel, however, is presumed to consider only the relevant material and competent evidence in arriving at a judgment, unless the contrary appears from the record. *State v. White* (1968), 15 Ohio St. 2d 146, 151; see also, *State v. Wickline* (1990), 50 Ohio St. 3d 114, 122. As nothing in the record *sub judice* indicates that the panel acted to the contrary, we find no error in the judges' failure to remain sequestered. Appellant's second assignment of error is overruled.

III.

Appellant next challenges the denial of a motion to withdraw his jury waiver and the ability of the court to resentence him to death.

First, appellant argues that his jury waiver was invalid because he was not aware of the consequences of such a waiver, *i.e.,* that he could be resentenced to death if the original death sentence was reversed. There is no evidence in the record, however, that appellant was ever misinformed about the consequences of his waiver, see *State v. Ruppert* (1978), 54 Ohio

St. 2d 263, certiorari denied (1978), 439 U.S. 954, 99 S.Ct. 352, or that the waiver was other than knowing, intelligent and voluntary when made. The fact that subsequent decisional law[3] may or may not have affected the tactical decision to waive the right to trial by jury provides no avenue of relief for appellant at this stage of the proceedings.

With respect to the ability of the three-judge panel to reimpose the death penalty, we are bound by the law of the case. Under this doctrine, the decision of the reviewing court establishes the law of that case for all subsequent proceedings in that court and in all inferior courts. *Nickell v. Gonzalez* (1986), 34 Ohio App. 3d 364, 368. In the case at bar, the supreme court ruled that on remand "the state may seek whatever punishment is lawful, including, but not limited to, the death sentence." *Davis,* 38 Ohio St. 3d at 373. We have no discretion to disregard this mandate. *Nolan v. Nolan* (1984), 11 Ohio St. 3d 1, syllabus. Appellant's third assignment of error is overruled.

### IV.

In his fourth assignment of error, appellant contends that the sentence of death herein was inappropriate and disproportionate. We consider this argument in conjunction with our statutorily-mandated independent review.

R.C. 2929.05(A) requires that this court independently review all of the facts and other evidence to determine whether the sentence of death is appropriate. In so doing, we must consider whether the sentence is excessive or disproportionate to the penalty imposed in similar cases within the geographical jurisdiction of this court. *State v. Steffen* (1987), 31 Ohio St. 3d 111, certiorari denied (1988), 485 U.S. 916, 108 S.Ct. 1089.

Aside from our previous consideration of the instant case, this court has reviewed three other cases in which the death penalty was imposed. In *State v. DePew* (June 29, 1987), Butler App. No. CA85-07-075, unreported, affirmed (1988), 38 Ohio St. 3d 275, certiorari denied (1989), ___ U.S. ___, 109 S.Ct. 1099, the defendant was convicted of three counts of aggravated murder, aggravated burglary, and aggravated arson. Each count carried death penalty specifications under R.C. 2929.04(A) (5) and (7). The record in that case revealed that the defendant repeatedly stabbed three people, including two children, during the course of an aggravated burglary, then set fire to the premises to conceal evidence of the offense. In *State v. Watson* (Mar. 31, 1989), Butler App. No. CA88-02-014, unreported, the defendant was sentenced to death for shooting a Hamilton, Ohio store owner in the head with a twelve-gauge shotgun during the commission of aggravated robbery. In *State v. Lawson* (June 4, 1990), Clermont App. No. CA8-05-044, unreported, we upheld the death penalty where the defendant kidnapped the victim, transported him to a rural area, then shot and beat him in retaliation for various allegations, including testimony before the grand jury, which implicated the defendant and the defendant's brother in a number of criminal activities.

In comparing the facts and circumstances of *DePew, Watson* and *Lawson* with the instant case, we cannot say that the sentence of death is excessive or disproportionate. This conclusion is supported by Ohio Supreme Court cases in which the death sentence was found to be appropriate where the defendant committed aggravated murder after being convicted of an offense an essential element of which was the purposeful killing or attempt to kill another. *State v. Mapes* (1985), 19 Ohio St. 3d 108, certiorari denied (1986), 476 U.S. 1178, 106 S.Ct. 2905; *State v. Bradley* (1989), 42 Ohio St. 3d 136.

R.C. 2929.05(A) also requires that this court independently weigh all of the facts and other evidence disclosed in the record, consider the offense and the offender, and determine whether the aggravating circumstance appellant was found guilty of committing outweighs the mitigating factors in the case.

In our prior decision in this case, we found that the aggravating circumstance under R.C. 2929.04(A)(5) (prior murder conviction) was sufficiently established by the evidence and that it outweighed the mitigating factors presented by appellant beyond a reasonable doubt. See *Davis,* Butler App. No. CA84-06-071, unreported, at 27-28. As appellant has presented no argument which convinces us otherwise, our conclusion remains the same. Therefore, we find that the statutory aggravating circumstance appellant was found guilty of committing outweighs the mitigating factors in the case.

Appellant's fourth assignment of error is overruled.

### V.

Finally, appellant advances ten arguments challenging the constitutionality of Ohio's death penalty scheme:

"1. The death penalty constitutes cruel and unusual punishment.

"2. Ohio's capital punishment scheme allows for imposition of the death penalty in an arbitrary and discriminatory manner.

"3. The death penalty violates due process.

"4. Ohio's capital punishment scheme is unconstitutional because it requires proof of mitigating factors by a preponderance of evidence.

"5. Ohio's death penalty does not ensure a sufficiently individualized determination in sentencing.

"6. Ohio's capital felony murder scheme fails to narrow those of offenders eligible for the death penalty.

"7. The death penalty scheme imposes an impermissible risk of death on capital defendant's who choose to exercise their right to a jury trial.

"8. Adequate appellate review of death sentences is precluded because trial courts do not file life opinions.

"9. Ohio court's proportionality review fails to meaningfully distinguish between those capital defendants for whom death is appropriate, and those who are not.

"10. Ohio's capital statutes are mandatory in nature."

Each of the foregoing arguments was considered and rejected in one or more of the following cases: *State v. Jenkins* (1984), 15 Ohio St. 3d 164, certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514; *State v. Maurer, supra; State v. Buell* (1986), 22 Ohio St. 3d 124, certiorari denied (1986), 479 U.S. 870, 107 S.Ct. 240; *State v. Steffen, supra; State v. Zuern* (1987), 32 Ohio St. 3d 56, certiorari denied (1988), 484 U.S. 1047, 108 S.Ct. 786; *State v. Byrd* (1987), 32 Ohio St. 3d 79, certiorari denied (1988), 484 U.S. 1036, 108 S.Ct. 763; *State v. Stumpf* (1987), 32 Ohio St. 3d 95, certiorari denied (1985), 484 U.S. 1079, 108 S.Ct. 1060; *State v. Poindexter* (1988), 36 Ohio St. 3d 1, certiorari denied (1988), ___ U.S. ___, 109 S.Ct. 272; *State v. Coleman* (1988), 37 Ohio St. 3d 256, certiorari denied (1988), ___ U.S. ___, 109 S.Ct. 250; *State v. DePew, supra; State v. Brown* (1988), 38 Ohio St. 3d 305, certiorari denied (1989), ___ U.S. ___, 109 S.Ct. 1177; *State v. Benner* (1988), 40 Ohio St. 3d 301, certiorari denied (1990), ___ U.S. ___ 110 S.Ct. 1834; *State v. Coleman* (1989), 45 Ohio St. 3d 298, certiorari denied (1990), ___ U.S. ___, 110 S.Ct. 855; *State v. Wickline, supra.* Additionally, the United States

Supreme Court has recently upheld the constitutionality of other state statutes with provisions similar to Ohio's death penalty law. See *e.g., Boyde v. California* (1990), U.S. ___, 110 S.Ct. 1190; *Blystone v. Pennsylvania* (1990), ___ U.S. ___, 110 S.Ct. 1078.

Appellant's fifth assignment of error is overruled.

*Judgment affirmed.*

HENDRICKSON and KOEHLER, J.J., concur.

---

[1] R.C.2929.04(A) (5) provides in part:

"(A) Imposition of the death penalty for aggravated murder is precluded, unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:

"***

"(5) Prior to the offense at bar, the offender was convicted of an offense an element of which was the purposeful killing of or attempt to kill another "***."

Appellant was convicted in 1971 of second degree murder for the stabbing death of his wife, Ernestine Davis, on December 30, 1970. Appellant was on parole from this conviction at the time of the Butler slaying.

[2] At the resentencing hearing, the panel entertained arguments from counsel and an unsworn statement by appellant. The court also allowed defense counsel to proffer the testimony of the unit manager, an assistant unit manager, and a social worker from death row at the Southern Ohio Correctional Facility in Lucasville, Ohio. Counsel stated that these witnesses would testify that appellant had no disciplinary or conduct problems while on death row and had become the first death row inmate to become a "block clerk" and be allowed outside his cell to work within the confines of the prison. The witnesses would further testify that appellant was promoted to "unit manager clerk" and actually worked in the unit manager's office, where he was trusted with documents and other paperwork processed through that office. Counsel further proffered the testimony of a Dr. Fisher, who would have presented a psychological update of appellant.

[3] Three years after appellant waived his right to a jury trial, the Ohio Supreme Court decided *State v. Penix* (1987), 32 Ohio St. 3d 369, and ruled that when an accused is tried by a jury and the case is remanded to the trial court following vacation of the death sentence due to error occurring at the penalty phase of the proceeding, the trial court, in resentencing the offender, must impose a life sentence pursuant to R.C. 2929.06. In the present case, the supreme court distinguished *Penix* and held that a defendant tried before a three-judge panel could be resentenced

to death upon remand due to error occurring at the penalty phase. *Davis*, 38 Ohio St. 3d at 373.