**CRAWFORD et al.**

v.

**SYLVANIA MARKETPLACE COMPANY.**

Court of Common Pleas of Ohio,
Lucas County.

No. CI91–2006.

Decided Jan. 13, 1995.

*Michael Zychowicz* and *Charles Sallah,* for plaintiffs.
*Marcia Wagner,* for defendant.

---

JUDITH ANN LANZINGER, Judge.

This personal injury case was tried by jury on June 27–30, 1994. A verdict was entered in favor of plaintiff Dorothy Crawford in the amount of $124,666.01, and judgment was entered on August 4, 1994, and journalized August 9, 1994. Defendant Sylvania Marketplace Company filed the present motion for a new trial on August 18, 1994. After thorough consideration of all briefs filed, the affidavits submitted, and the relevant law, the court denies defendant's motion. Furthermore, since plaintiffs' motion to tax costs and the two motions to strike affidavits are well taken, they are granted.

I

Defendant's motion was filed pursuant to Civ.R. 59(A)(2), which states that a new trial may be granted due to "misconduct of the jury." Defendant contends

that a juror ("Juror M"), who disclosed during voir dire that he was a paralegal for a local law firm, improperly failed to disclose other pertinent matters, namely, that he worked on cases similar to the *Crawford* case, that he had researched the law in the areas of premises liability and negligence, and that he had preconceived notions about liability. In support of the motion for a new trial, defendant presented three affidavits of other jurors and cited specific portions of the transcript during voir dire.

The transcript reveals that Juror M immediately disclosed to the court that he was a paralegal, and that he did research and "a lot of client intake." He explained that the attorney by whom he was employed was engaged primarily in a criminal practice, although Juror M stated he had worked on civil cases with the attorney. The juror answered that he had been involved in researching a similar case, but when questioned later said that he had not indicated that he had researched the law of negligence. He denied having any predispositions which would disqualify him from being impartial on the case.

Counsel for defense was allowed to question Juror M and asked how much research and writing he did for the attorney. The juror responded, "Not very much. He usually has all his work done on the computer, Mac. But I have done research for him. Some."

## II

The defendant now seeks to introduce evidence that Juror M told other jurors, during jury deliberations, that he was familiar with the law of negligence or premises liability because of his work as a paralegal. Defendant seeks to present the affidavit testimony of three jurors who served with Juror M.[1] Those jurors recount statements reportedly made by Juror M about his experience researching cases similar to the one for which they were deliberating. One juror added that his position on comparative fault was influenced by Juror M.

The affidavits are incompetent, since Evid.R. 606(B) prohibits inquiry into a verdict's validity. That rule sets forth the specific circumstances under which a juror may testify:

"(B) Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to

---

1. The plaintiffs have filed a motion to strike these affidavits. Defendant also seeks to strike another juror's affidavit, which was submitted by plaintiffs in opposition to the new trial motion.

assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. *A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented.* However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes." (Emphasis added.)

After entry of the verdict, a charge of jury misconduct may not arise solely on a juror's statement after deliberations. Instead there must be some competent, credible evidence *aliunde*, that is, extraneous, independent evidence from some other source. *Whiston v. Bio–Lab, Inc.* (1993), 85 Ohio App.3d 300, 308, 619 N.E.2d 1047, 1051–1052; *State v. Rowe* (1993), 92 Ohio App.3d 652, 675, 637 N.E.2d 29, 43–44. See, also, *Tasin v. SIFCO Industries, Inc.* (1990), 50 Ohio St.3d 102, 553 N.E.2d 257; *Nickell v. Gonzalez* (1986), 34 Ohio App.3d 364, 519 N.E.2d 414. The *aliunde* rule exists to protect finality of jury verdicts and to insulate jurors from harassment by unsuccessful parties. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 75, 564 N.E.2d 54, 61.

A review of the voir dire transcript reveals that Juror M forthrightly responded to the court's and counsel's inquiries. Defense counsel had the opportunity either to question Juror M further about his knowledge of the law and his work as a paralegal or to exercise a peremptory challenge. The unfavorable verdict may not now be impeached by challenging Juror M's voir dire testimony.

Defendant relies on *State v. Rudge* (1993), 89 Ohio App.3d 429, 624 N.E.2d 1069, in which the Trumbull County Court of Appeals determined that Evid.R. 606(B) does not apply to inquiries into juror partiality. *State v. Rudge* is nonbinding on this court, and furthermore is distinguishable from this case. First, the statements in *Rudge* which manifested a particular juror's partiality were made before opening statement, rather than during jury deliberations. Second, the statements were reported to the trial court by an alternate juror who did not participate in deliberations. Thus, in *Rudge* the sanctity of jury deliberations was not violated. In this case, the jurors' proffered affidavits reveal statements reportedly made during and as part of the jury deliberations. Absent any evidence *aliunde*, these affidavits cannot be considered and must be strick-

en.[2] Without the affidavits, there is no apparent evidence of jury misconduct; accordingly, defendant's motion for a new trial is denied.

## III

Plaintiffs have filed an unopposed motion to tax defendant with the costs incurred in this trial.[3] As the prevailing party, plaintiffs are entitled to recover their costs. Civ.R. 54(D). Plaintiffs may recover the costs of depositions and videotaped depositions, so long as the depositions were used as evidence at trial. *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218; *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 621 N.E.2d 707; *Miller v. Gustus* (1993), 90 Ohio App.3d 622, 630 N.E.2d 68. A review of the trial records in this case reveals that the depositions of Drs. Hui and Barber were used as evidence. Plaintiffs are therefore entitled to those costs.

## JUDGMENT ENTRY

It is ORDERED that the motion for a new trial filed by defendant, Sylvania Marketplace Company, is DENIED.

It is further ORDERED that plaintiffs' motion to strike the three jurors' affidavits is GRANTED, and the affidavits are stricken.

It is further ORDERED that Sylvania Marketplace Company's motion to strike a juror affidavit is GRANTED, and that affidavit is stricken.

It is further ORDERED that the plaintiffs' motion to tax costs is GRANTED, and Sylvania Marketplace Company is ordered to pay to plaintiffs costs in the amount of $743.74.

This is a final appealable order.

*Judgment accordingly.*

---

2. Also stricken will be the affidavit of another juror, which was submitted by plaintiffs.

3. Specifically, plaintiffs seek to recover the court reporter's and videographer's charges for the depositions of Drs. Hui and Barber.