OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendants-Appellants, George Turner and G.T. Motorcar Company, appeal the decision of the Mahoning County Court of Common Pleas that granted judgment to Plaintiff-Appellee, Federal Financial Company. On appeal, Appellants argue the trial court erred when adopting the magistrate's decision because that decision was clearly erroneous for relying on Ohio law, even thought the contract forming the basis of the litigation states that Pennsylvania law applies.
 {¶ 2} This case was previously appealed to this court as FederalFinancial Co. v. Turner (Sept. 1, 1999), 7th Dist. No. 97 CA 144(Federal Financial I). The issues resolved in that appeal concerned the interpretation of the contract, yet Appellants never raise whether Pennsylvania law should apply to the interpretation of the contract. The law of the case doctrine prohibits a party from raising any argument on remand which was or could have been raised in a prior appeal. Since the issues Appellants now raised could have been raised in the prior appeal, they cannot raise those issues now. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} On July 11, 1985, Turner and G.T. Motorcar Company executed and delivered a promissory note to First Federal Savings and Loan Association. This note was subsequently assigned to Federal Financial Company, Appellee, on April 20, 1995, pursuant to an allonge which was executed by a receiver on behalf of First Federal Savings Loan Association.
 {¶ 4} The terms of the note established a line of credit in the amount of $25,000 with "said principal and interest at the rate of 13.00% to be payable on demand." Appellants made a series of payments on the loan, but Federal Financial eventually demanded payment on the note in full. A dispute arose concerning the balance which needed to be paid on the note and Federal Financial instituted this cause of action to resolve that dispute.
 {¶ 5} The case eventually went to trial on the issue of the balance owed by Appellants on the promissory note. After the trial court entered judgment, Federal Financial appealed the decision to this court. On appeal, both parties relied on Ohio law when arguing over the interpretation of the contract. Applying Ohio law, this court concluded that the trial court erred when reaching its decision and remanded the matter for further proceedings.
 {¶ 6} The case again went to trial before a magistrate and the magistrate issued a decision on July 22, 2004. In that decision, the magistrate relied on Ohio law when determining the balance owed on the contract. However, when dealing with a motion for attorneys fees, the magistrate acknowledged that the note provides that "this note and the rights and obligations of all parties hereto, shall be subject to and governed by, the Laws of the Commonwealth of Pennsylvania."
 {¶ 7} Appellants filed timely objections to the magistrate's decision. Among other things, Appellants objected to that decision because "the applicable law in this case is that of the Commonwealth of Pennsylvania and, therefore, the basis of Magistrate's Decision is incorrect being grounded in Ohio law." The trial court heard and overruled Appellants' objections on July 8, 2005. It then adopted the magistrate's decision.
 {¶ 8} Appellants timely appealed the trial court's decision. On appeal, this court noted that the trial court's entry was not a final, appealable order because the entry merely adopted the magistrate's decision. It remanded the case so the trial court could issue an amended entry. The trial court issued that entry on October 17, 2005.
 {¶ 9} Appellants' sole assignment of error on appeal argues:
 {¶ 10} "The trial court committed error prejudicial to the Defendant-Appellant when it adopted the magistrate's decision which, on it's [sic] face, was clearly in error in that the magistrate used Ohio law upon which to base his decision when the note, as the magistrate admits, provides for all issued arising from the note to be decided by the law of Pennsylvania."
 {¶ 11} Appellants contend that the trial court erred when adopting the magistrate's decision because the decision states that the contract provides that Pennsylvania law will govern "this note and the rights and obligations of all parties hereto." but that the magistrate applied Ohio law to determine the rights and obligations of the parties. They believe the outcome of this case would have been different if the magistrate and trial court had applied Pennsylvania law. However, the doctrine of the law of the case prevents Appellants from now litigating this issue.
 {¶ 12} The law of the case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1,3. This doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. Id. But despite the fact that the doctrine is not a binding rule, it "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."Hubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402, 404, 1996-Ohio-0174.
 {¶ 13} This doctrine "precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." Id. at 404-405; see also Charles A. Burton,Inc. v. Durkee (1954), 162 Ohio St. 433, 438 ("[A]ll questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court."). Thus, a party who fails to challenge the constitutionality of a local ordinance before a first appeal cannot raise that issue upon remand. Id. at 405. Likewise, a party's failure to argue that a contract does not apply to a person before a first appeal cannot raise that argument on remand. Beifuss v.Westerville Bd. of Educ. (1988), 37 Ohio St.3d 187, 191. See alsoPipe Fitters Union Local No. 392 v. Kokosing Const. Co., Inc.,81 Ohio St.3d 214, 218, 1998-Ohio-0465 (The issue of a party's standing to bring an action cannot be raised after a first appeal); Nickell v.Gonzalez (1986), 34 Ohio App.3d 364, 366-367 (Law of the case doctrine prevents a party from challenging the denial of claims after remand if that challenge was not raised in a first appeal.).
 {¶ 14} In this case, Federal Financial began this litigation in an effort to recover on a promissory note. The case went to trial on the issue of the balance owed on the note. On appeal, the parties all cited to Ohio law when arguing over the interpretation of terms in the note.Federal Financial I at 3. This court then relied on Ohio law when deciding the appeal.
 {¶ 15} Appellants now claim that Pennsylvania law should govern interpretation of this note since the note itself provides that "this note and the rights and obligations of all parties hereto, shall be subject to and governed by, the Laws of the Commonwealth of Pennsylvania." This argument could have been raised prior to the first appeal since the issues on appeal involved the interpretation of this note. The law of the case doctrine prohibits Appellants from raising that same issue after remand.
 {¶ 16} Appellants failed to raise the only issue in their sole assignment of error at a proper time and the law of the case doctrine prohibits them from raising that issue now. Accordingly, Appellants' sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.