[Cite as *McCarthy v. Sterling Chems., Inc.*, 2012-Ohio-5211.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICK B. McCARTHY, | : | APPEAL NOS. C-110805 |
| | | C-110856 |
| MARK COLLIN FUGATE, | : | TRIAL NO. A-0509144 |
| and | : | *O P I N I O N.* |
| PATRICIA SUSAN McCARTHY, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| STERLING CHEMICALS, INC., | : | |
| and | : | |
| RESCAR, INC., | : | |
| Defendants-Appellants, | : | |
| and | : | |
| ACF INDUSTRIES, LLC, | : | |
| and | : | |
| TEXANA TANK CAR & MANUFACTURING, LTD., | : | |
| | : | |
| Defendants-Appellees, | : | |
| and | : | |
| BASF CORPORATION et al., | : | |
| | : | |
| Defendants, | : | |
| vs. | : | |
| KINDER MORGAN LIQUIDS | : | |

TERMINALS, LLC,                              :

    Third-Party Defendant.                :

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 9, 2012

*Waite, Schneider, Bayless & Chesley Co., L.P.A., Stanley M. Chesley, D. Arthur Rabourn, Joseph T. Deters, Louise M. Roselle, W.B. Markovits, Paul M. De Marco,* and *Christopher D. Stock*, for Plaintiffs-Appellees,

*Vorys, Sater, Seymour and Pease LLP, Robert E. Tait,* and *C. William O'Neill,* and *Mills Shirley LLP, Jack C. Brock,* and *Fred D. Raschke*, for Defendant-Appellant Sterling Chemicals, Inc.,

*Katz, Teller, Brant & Hild and Robert A. Pitcairn, Jr.,* and *Mannion & Gray Co., L.P.A., Thomas P. Mannion, Judd R. Uhl,* and *Katherine L. Kennedy*, for Defendant-Appellant Rescar, Inc.,

*Sutter O'Connell Co., Matthew C. O'Connell* and *Denise A. Dickerson,* for Defendant-Appellee ACF Industries, LLC,

*Reminger Co., LPA,* and *Joseph W. Borchelt,* and *Bates Carey Nicolaides, LLP, Scott L. Carey, Joseph P. Pozen,* and *Kathleen L. Hartley*, for Defendant-Appellee Texana Tank Car & Manufacturing, Ltd.

Please note:  This case has been removed from the accelerated calendar.

**WOLFF, Presiding Judge.**

{¶1} Plaintiff-appellee Patrick McCarthy, an employee of third-party defendant Kinder Morgan Liquids Terminals, LLC ("Kinder Morgan"), was injured on July 5, 2005, while transferring a liquid from a pressurized railroad tank car owned by defendant-appellant Sterling Chemicals, Inc. ("Sterling"), to a Kinder Morgan storage tank. McCarthy was standing on the top of the railcar when the manway assembly separated from the car. McCarthy was struck by the manway assembly and fell 15 feet to the ground. McCarthy and his two minor children filed suit against various defendants, including railcar-owner Sterling, railcar-manufacturer defendant-appellee ACF Industries, LLC ("ACF"), defendant-appellant Rescar, Inc. ("Rescar"), which had been hired by Sterling to maintain its fleet of railroad cars, and defendant-appellee Texana Tank Car & Manufacturing, Ltd. ("Texana"), which had formerly maintained the railcar. Various defendants filed third-party complaints against McCarthy's employer, Kinder Morgan.

{¶2} The trial court granted summary judgment in favor of Kinder Morgan, determining that there was no genuine issue of material fact as to whether Kinder Morgan had committed an intentional tort against McCarthy, and therefore, that Kinder Morgan was not liable for damages. On appeal, this court affirmed the summary judgment in favor of Kinder Morgan.

{¶3} The case proceeded to a jury trial. After plaintiffs' case-in-chief, the trial court granted directed verdicts for ACF and Texana, ruling that a May 2000 "change out" of the railcar's original 35-psi pressure-relief valve for a 75-psi valve constituted a substantial and material alteration of the railcar that relieved ACF and Texana of any liability.

{¶4} The jury unanimously found in favor of Sterling and Rescar. Plaintiffs moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court granted plaintiffs' motion for a new trial. The court stated that it had granted the motion for a new trial because the court believed that, in instructing the jury, it had not adequately explained that duties arising under "regulations and statutes" did not "trump" the duties arising under "common law," and that the jury had not been "fully informed" by the court's instructions regarding the relationship between the duty of ordinary care owed to McCarthy by Sterling and Rescar and the duties that arose from statutes and regulations governing the industry. Sterling and Rescar appealed the trial court's granting of the motion for a new trial.

{¶5} This court reversed the judgment of the trial court granting a new trial, holding that the jury had been properly instructed, and that there was no evidence of jury confusion. The order of remand instructed the trial court to reinstate the defense verdict. Plaintiffs did not appeal this court's decision to the Ohio Supreme Court.

{¶6} On remand, a different trial judge reinstated the defense verdict. Plaintiffs filed a "cautionary appeal," and Rescar filed a cross-appeal from the trial court's entry reinstating the defense verdict. Plaintiffs also filed with the trial court another motion for a new trial. Pursuant to App.R. 4(B)(2), we remanded the case to the trial court to rule on the new-trial motion. The appeals were subsequently dismissed.

{¶7} On remand, defendants argued that the court had no jurisdiction to entertain plaintiffs' second new-trial motion. The trial court rejected that argument

because (1) this court had remanded the case under App.R. 4(B)(2) "explicitly" for the trial court to rule on the second new-trial motion, and (2) the grounds asserted in the second new-trial motion had not been addressed by this court in the prior appeal. The trial court granted plaintiffs' second new-trial motion, citing Civ.R. 59(A)(1) (irregularity of the proceedings had prevented a fair trial) and Civ.R. 59(A)(9) (an error of law had occurred at trial and had been brought to the trial court's attention). The court at trial had held that ACF, the manufacturer of the railcar, could not be held liable for damages because the valve switch-out constituted a material alteration of the railcar. In granting plaintiffs' second new-trial motion, the court determined that the original trial judge had not adequately explained its ruling to the jury, and that, therefore, the jury "could have" been confused about why ACF was no longer in the case. The trial court further determined that the possible jury confusion was compounded by the defendants' closing arguments referring to ACF being "at fault" for a defective weld. The court found that the original trial judge's failure to give an adequate curative instruction might have "constitute[d] a failure to fairly and accurately inform the jury." Plaintiffs had raised the "ACF argument" in the original motion for a new trial, but the original trial judge had not addressed that ground in its entry granting the new trial.

{¶8}   Sterling and Rescar have appealed the trial court's judgment granting plaintiffs' second new-trial motion. Sterling's first assignment of error and Rescar's first and second assignments of error allege that the trial court erred in granting the motion. Sterling and Rescar argue that plaintiffs waived "the ACF argument" by failing to raise it by cross-assignment of error in the appeal from the first judgment

granting a new trial, and that, therefore, the trial court had no authority to entertain, much less grant, plaintiffs' second new-trial motion on that ground.

{¶9} App.R. 3(C)(2) provides that a cross-appeal is not required where an appellee seeks to defend a trial court's judgment "on a ground other than that relied on by the trial court," but does not seek to "change the judgment or order." Plaintiffs did not waive the "ACF argument" by failing to file a cross-appeal in the appeal from the first judgment granting a new trial, because plaintiffs were not seeking to change the trial court's judgment, only to preserve it.

{¶10} "App.R. 3(C)(2) allows an appellee to support the trial court's judgment on grounds the trial court rejected." *The Cincinnati Gas & Electric Co. v. Joseph Chevrolet*, 153 Ohio App.3d 95, 2003-Ohio-1367, 791 N.E.2d 1016, ¶ 12 (1st Dist.). R.C. 2505.22 provides that when a final order or judgment is appealed, the appellee may file assignments of error to prevent reversal of the trial court's judgment. Plaintiffs did not file an R.C. 2505.22 assignment of error based on the "ACF argument" to prevent reversal in the first appeal. In fact, plaintiffs did not file any R.C. 2505.22 assignments of error in the first appeal.

{¶11} In *Nickell v. Gonzalez*, 34 Ohio App.3d 364, 519 N.E.2d 414 (1st Dist.1986), this court held that where plaintiffs had lost at trial and had filed a motion for judgment notwithstanding the verdict and/or a new trial on several grounds, and the trial court had granted the motion on only one ground, not reaching the other grounds, after the final order was entered, the grounds not reached by the trial court were merged into the final order and were reviewable on appeal. Plaintiffs' failure to raise the issues on direct appeal thus precluded plaintiffs

from asserting them in a second new-trial motion filed after the Ohio Supreme Court had affirmed a judgment for the defendant.

{¶12}   Donna Nickell and her husband had filed a lawsuit against Dr. Luis Gonzalez for injuries she alleged had been caused by a surgical procedure performed by Gonzalez.  The case was tried to a jury solely on the issue of informed consent. After a jury verdict in favor of Gonzalez, the Nickells filed a motion for judgment notwithstanding the verdict and/or a new trial, raising three grounds for relief.  The trial court granted the motion on the ground that it should have directed a verdict for the Nickells on the issue of informed consent, and the court ordered a new trial on the issue of damages.  The second trial also resulted in a verdict in favor of Gonzalez, with the jury holding that the Nickells had suffered no damages.  The Nickells filed a second motion for judgment notwithstanding the verdict and/or a new trial, based on alleged errors in the second trial.  The trial court denied the motion, and the parties appealed.  On appeal, this court held that the trial court had abused its discretion in granting the first motion and ordering a new trial, and we reinstated the first jury verdict in favor of Gonzalez.  This court's decision was affirmed by the Ohio Supreme Court.

{¶13}   The Nickells then filed a third motion in the trial court for judgment notwithstanding the verdict and/or a new trial.  The motion included the two grounds raised by the Nickells, but not ruled on by the trial court, in the first motion, and the motion asserted a new ground not previously raised.  Gonzalez filed a motion to strike and for Civ.R. 11 sanctions.  The trial court denied the Nickells' motion and Gonzalez's request for sanctions, and granted Gonzalez's motion to strike.  All parties appealed.

{¶14}   On appeal, the Nickells argued that they were entitled to raise the two grounds asserted in the first motion, but not ruled upon by the trial court.   The Nickells argued that because the two grounds had not been specifically ruled on by the trial court, they had had no opportunity for appellate review of those claims.  We disagreed, holding that when the trial court had failed to specifically rule on those grounds, they had been effectively denied and had been "fully reviewable on appeal." *Nickell*, 34 Ohio App.3d at 367, 519 N.E.2d 414.  We further held that the trial court had been without jurisdiction to entertain the motion because the grounds had been waived earlier when not asserted in the first appeal.  We noted that the Rules of Civil Procedure "are to be construed and applied to eliminate delay and all impediments to the expeditious administration of justice."  *Id.*  We pointed out that a rule allowing the Nickells to raise those grounds "would create a circularity of actions, undermine the necessary finality of judgments, and create needless extra costs for litigants."  *Id.*

{¶15}   In the case sub judice, the first trial judge granted plaintiffs' motion for a new trial on the ground that the court's insufficient statement of the law regarding the "duties" owed by defendants to McCarthy, along with its inadequate instructions about those "duties," had confused the jury.  Plaintiffs had raised the "ACF argument" in their first new-trial motion, but the first trial judge had not specifically addressed that issue.  When the first trial judge failed to rule on that ground, it was effectively denied and fully reviewable on appeal.  *See id.* at 367. Sterling and Rescar appealed that judgment.  On appeal, plaintiffs did not raise any assignments of error pursuant to R.C. 2505.22 to prevent reversal of the trial court's judgment.  If plaintiffs wanted to allege that the trial court should have granted their motion for a new trial on the basis of the "ACF argument," they should have done so

by asserting that ground in an R.C. 2505.22 assignment of error in the first appeal. *See Cope v. Miami Valley Hosp.*, 195 Ohio App.3d 513, 2011-Ohio-4869, 960 N.E.2d 1034, ¶ 35 (2d Dist.). Plaintiffs had the option to raise the "ACF argument" in an R.C. 2505.22 assignment of error, but plaintiffs did not file any R.C. 2505.22 assignments of error for this court to consider in the first appeal. Plaintiffs may not now rely on the "ACF argument" because it could have been raised and fully pursued in the first appeal. *See Brothers v. Morrone-O'Keefe Dev. Co., LLC,* 10th Dist. No. 06AP-713, 2007-Ohio-1942, ¶ 37. By failing to raise the "ACF argument" by an R.C. 2505.22 assignment of error in the first appeal, plaintiffs have waived it. *See Nickell*, 34 Ohio App.3d at 367, 519 N.E.2d 414.

{¶16} The grounds raised in the first new-trial motion were reviewable in the first appeal. Any grounds not asserted in the first motion were not timely raised. *See id.* The second trial judge was without authority to entertain plaintiffs' second new-trial motion because the arguments raised therein had been waived. *See id.* Sterling's first assignment of error and Rescar's first and second assignments of error are sustained.

{¶17} Rescar's and Sterling's remaining assignments of error raise errors that allegedly occurred during trial, which are not now ripe for review. Therefore, we do not address them.

{¶18} The judgment of the trial court is reversed, and this cause is remanded with instructions to reinstate the jury verdict in favor of Sterling and Rescar and to enter judgment accordingly.

Judgment reversed and cause remanded.

GORMAN, J., concurs.
BROGAN, J., dissents.

JUDGE WILLIAM H. WOLFF, JR., retired, of the Second Appellate District, JUDGE JAMES A. BROGAN, retired, of the Second Appellate District, and JUDGE ROBERT H. GORMAN, retired, of the First Appellate District, sitting by assignment.

BROGAN, J., dissenting.

{¶19}    I must respectfully dissent from the majority opinion.  In our prior opinion reversing the trial court's grant of a new trial we specifically stated that our scope of review was confined to what the trial court had "specified" in writing as the cause for which the new trial was allowed, citing the Ohio Supreme Court's opinion in *O'Day v. Webb*, 29 Ohio St.2d 215, 280 N.E.2d 896 (1972).  The trial court had specified inadequate jury instructions as the basis for the new trial decision, and we found the court had erred.

{¶20}    App.R.  3(C)(2) "allows" an appellee to support the trial court's judgment on grounds the trial court rejected.  *The Cincinnati Gas & Electric Co. v. Joseph Chevrolet*, 153 Ohio App.3d 95, 2003-Ohio-1367, 791 N.E.2d 1016 (1st Dist.).  R.C. 2505.22 provides the appellee "may" file assignments of error to prevent reversal of the trial court's judgment.  Neither the rule nor the statute require that an appellee file cross-assignments to preserve a judgment.  Judge Gorman in the prior opinion and the trial judge both concluded that the evidence produced at trial demonstrated someone was negligent in causing Patrick McCarthy's severe injuries.  Judge Nadine Allen was well within her discretion in granting the plaintiffs a new trial.  She found that the plaintiffs had been denied a fair trial when the trial judge refused to inform the jury that he had dismissed ACF as a defendant because he concluded that ACF was legally blameless, and in permitting defendant's counsel to improperly argue that ACF was primarily at fault for Patrick McCarthy's injuries.  I would affirm the trial court's grant of a new trial in this matter.

**Please note:**

**The court has recorded its own entry this date.**