[Cite as *Cope v. Miami Valley Hosp.*, 195 Ohio App.3d 513, 2011-Ohio-4869.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

COPE et al.,                    :

                            :      Appellate Case No. 24458

      Appellants,        :

                            :      Trial Court Case No. 2009-CV-01469

v.                       :

                            :

MIAMI VALLEY HOSPITAL et al. ,    :      (Civil Appeal from

                            :       Common Pleas Court)

      Appellees.          :

                         . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2011.

. . . . . . . . .

Flanagan, Lieberman, Hoffman & Swaim and Bradley C. Smith, for appellants.

Ewing, McMillin & Willis P.L.L.C., C. David Ewing, and Anne Milton McMillin, for appellee Radiology Physicians, Inc.

Freund, Freeze & Arnold, Neil F. Freund, and Kelly M. Schroeder, for appellee Miami Valley Hospital.

Arnold Todaro & Welch and John Welch, for appellees Anesthesia Services Network, Nancy Kwon, M.D., and David Bennett, C.R.N.A.

Susan Blasik-Miller, for appellee Michael Gregg, M.D.

. . . . . . . . .

CANNON, Judge.

{¶ 1}  Appellants, Eva G. Cope and Edward Cope, appeal from the decision of the Montgomery County Court of Common Pleas granting appellee Miami Valley

Hospital's motion for summary judgment.

**Factual Background**

{¶ 2}  In December 2007, Mrs. Cope underwent an MRI procedure at Miami Valley Hospital ("MVH"), allegedly performed by David Bennett, Nancy Kwon, and unidentified MRI technicians.  During the procedure, Mrs. Cope was anesthetized.  Immediately after the procedure, a large blister was noticed on Mrs. Cope's arm, which was soon after diagnosed as a third-degree burn.  As a result, Mrs. Cope bears a permanent scar from the burn.

{¶ 3}  The Copes filed a suit alleging medical-negligence claims against the following defendants: MVH, Nicole Lockhart (associated with MVH), Anesthesia Services Network ("ASN"), David Bennett (associated with ASN), Nancy Kwon (associated with ASN), Radiology Physicians, Inc., and Michael Gregg (associated with Radiology Physicians, Inc.).  Subsequently, the Copes voluntarily dismissed Nicole Lockhart of MVH, Radiology Physicians, Inc. and Michael Gregg of Radiology Physicians Inc., leaving only MVH and defendants associated with ASN.

{¶ 4}  MVH soon filed for summary judgment on the grounds that the Copes had dismissed the only agent or employee of MVH, and the statute of limitations against any other employee has run.  The court agreed that the Copes had no cognizable claim against MVH and entered summary judgment.

{¶ 5}  The Copes then filed a motion for reconsideration, adding that MVH could still be found vicariously liable under an agency-by-estoppel theory as a result of the conduct of the remaining individual defendants.  Ultimately, the trial court also rejected this theory of liability and affirmed its original judgment granting MVH's

motion for summary judgment.

{¶ 6} The Copes requested that the trial court certify "no just reason for delay," pursuant to Civ.R. 54(B), as "[i]t is well-established that in a situation where there are multiple claims and/or parties involved, an entry that enters final judgment as to one or more but fewer than all of the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that 'there is no just reason for delay[.]' " *Montello v. Ackerman*, Lake App. No. 2009-L-111, 2009-Ohio-6383, at ¶ 6, quoting *Girard v. Leatherworks Partnership*, Trumbull App. No. 2001-T-0138, 2002-Ohio-7276, at ¶ 17. Here, the trial court granted the Copes' request, making the entry of summary judgment a final, appealable order and conferring jurisdiction on this court to hear this appeal.

**Assignment of Error**

{¶ 7} The Copes timely appeal and assert a sole assignment of error:

{¶ 8} "The trial court erred in granting Miami Valley Hospital's motion for summary judgment."

{¶ 9} Specifically, the Copes set forth two reasons why the court erred. First, the Copes contend that MVH is vicariously liable for the negligence of its nonphysician MRI technicians (though not named as defendants) and of its agents, servants, and employees acting on behalf of MVH. Second, they argue that MVH can still be found vicariously liable through Nancy Kwon and David Bennett via an agency-by-estoppel theory.

{¶ 10} Conversely, MVH contends that because the Copes dismissed all employees of MVH and the statute of limitations has expired, the hospital cannot be

found vicariously liable since only individuals can commit malpractice, not the hospital as an entity. Further, MVH argues that the issue of agency by estoppel is improperly before this court and should not be considered.

**Standard of Review**

{¶ 11} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. Thus, the court of appeals applies "the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Stanley v. Community Hosp.*, Clark App. No. 2010 CA 53, 2011-Ohio-1290, at ¶ 7, citing *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶ 12} Pursuant to Civ.R. 56(C), summary judgment is proper in the following circumstance:

{¶ 13} " '(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' " *Stanley* at ¶ 9, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶ 14} To prevail on a motion for summary judgment, the moving party must be able to prove there is no genuine issue as to any material fact, and therefore judgment as a matter of law is appropriate. Id., citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293. "The non-moving party must then present evidence that some

issue of material fact remains for the trial court to resolve." Id. As explained in *Dresher*:

{¶ 15} "That is, the moving party bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include 'the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." (Emphasis sic.) *Dresher*, 75 Ohio St.3d at 292-293.

### Application of *Wuerth*

{¶ 16} In granting MVH's motion for summary judgment, the trial court relied on *Natl. Union Fire Ins. Co. of Pittsburgh v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601. In *Wuerth*, the Supreme Court of Ohio was faced with the question of whether a legal-malpractice claim can be maintained against a law firm when all of the principals and employees had been dismissed or had never been sued in the first instance. Id. at ¶ 1.

{¶ 17} *Wuerth* began its analysis by addressing the similarities between legal and medical malpractice: "in the medical context, we have recognized that because only individuals practice medicine, only individuals can commit medical malpractice. For instance, in *Browning v. Burt* (1993), 66 Ohio St.3d 544, 556, "we explained that

'[a] hospital does not practice medicine and is incapable of committing malpractice.' " Id. at ¶ 14. Rather "only physicians can commit medical malpractice." Id., citing *Richardson v. Doe* (1964), 176 Ohio St. 370. Thus, applying this rationale to the law firm, the court held that a law firm is not vicariously liable for legal malpractice unless one of its principals or associates is first found to be liable because only individuals, and not the entity of a firm, can commit malpractice. Id. at ¶ 26.

{¶ 18} Despite this holding, *Wuerth* does not necessarily distort the contours of respondeat superior. Claims for the negligence of a hospital's employee, such as a nurse, or here, a technician, are still governed by the law of respondeat superior, and indeed, *Wuerth* acknowledges that a plaintiff may sue a master, or servant, or both. Id. at ¶ 21, quoting *Losito v. Kruse* (1940), 136 Ohio St. 183. *Wuerth* instead carves a careful distinction—that individuals (attorneys and physicians) commit malpractice, but whole entities (firms and hospitals) do not, meaning that a *malpractice* claim cannot be maintained directly against an entity when all the relevant principals and employees have either been dismissed or were never sued. Id. at ¶ 23.

{¶ 19} In this case, the trial court found that because there is no agent or employee of MVH left active in the case, summary judgment is appropriate because a hospital cannot commit malpractice. Specifically, the court in its entry of summary judgment continued that "a hospital may only be vicariously liable for medical malpractice only when one or more of its principals or associates are liable for malpractice."

{¶ 20} This court recently discussed *Wuerth*, summary judgment, and

respondeat superior pertaining to hospital employees in *Stanley v. Community Hosp.*, Clark App. No. 2010CA53, 2011-Ohio-1290, which was decided the same day that the Copes filed their initial brief. In *Stanley*, George Stanley alleged that Community Hospital was liable for injuries sustained during treatment as a result of the negligence of employee nurses. Id. at ¶ 3. Community Hospital argued that its nurses are not liable because they were never sued and because the statute of limitations had run. Further, Community Hospital argued that because a hospital cannot commit medical malpractice and because a hospital cannot be vicariously liable unless its employees are found to be liable, summary judgment was appropriate. Id. at ¶ 5. The trial court agreed with Community Hospital and entered summary judgment, relying on the holding in *Wuerth*. Id. at ¶ 6.

{¶ 21} On appeal, this court held that the holding in *Wuerth* must be applied narrowly—that is, specifically to malpractice suits, and not to other medical claims. Id. at ¶ 22. This distinction between malpractice and other medical claims is important because the Supreme Court of Ohio continues to take the traditional narrow view of who may commit malpractice: " '[I]t is well-established common law of Ohio that malpractice is limited to the negligence of physicians and attorneys.' " *Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, at ¶ 15, quoting *Thompson v. Community Mental Health Ctrs. of Warren Cty., Inc.*, 71 Ohio St.3d 194, 195. While " 'the term, malpractice, is sometimes used loosely to refer to the negligence of a member of any professional group, * * * legally and technically, it is still subject to the limited common-law definition.' " *Thompson* at 195, quoting *Richardson v. Doe* (1964), 176 Ohio St. 370.

**{¶ 22}** Thus, no other medical employees are subject to malpractice; for instance, "[t]he Ohio Supreme Court has held that the negligence of nurses employed by a hospital does not fall under the definition of 'malpractice' as discussed in R.C. 2305.11(A). *Lombard v. Good Samaritan Med. Ctr.* (1982), 69 Ohio St.2d 471 * * *. Rather, the alleged negligence of a nurse employee falls under the definition of a 'medical claim' in R.C. 2305.113(A). Id." *Stanley*, 2011-Ohio-1290, at ¶ 22.

**{¶ 23}** Physicians and attorneys must be alone in this category: " '[I]it is the misfortune of both physicians and lawyers that, in a very considerable proportion of their cases, they are unable to accomplish the purpose desired. * * * Since physicians must often fail to fulfill expectations, they, along with lawyers, are peculiarly susceptible to the charge of failure in the performance of their professional duties.' " *Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, at ¶ 13, quoting *Richardson v. Doe*, 176 Ohio St. at 372.

**{¶ 24}** Additionally, the distinction between "malpractice" and "medical claims" is specifically noted in the Ohio Revised Code: "R.C. 2305.11(A) states that 'an action for malpractice *other than an action upon a medical * * * claim * * ** shall be commenced within one year after the cause of the action accrued.' R.C. 2305.113(A) states that 'an action upon a medical * * * claim shall be commenced within one year after a cause of action accrued.' " (Emphasis added by Supreme Court.) *Stanley*, 2011-Ohio-1290, at ¶ 21.

**{¶ 25}** As noted in *Stanley*, nowhere in *Wuerth* does the court conclude that a medical claim brought against a hospital for the alleged negligence of one of its

employees constitutes a malpractice claim. Id. at ¶ 22. Ultimately, this court's decision to give *Wuerth* a narrow application is supported by the public-policy considerations found at the heart of the "respondeat superior" doctrine, which supports vicarious liability. A hospital employs a wide range of people who provide a variety of medical service to patients. The hospital is in exclusive control of hiring criteria, training, and routine performance evaluation and review. A hospital should be responsible for the negligence of its employees who perform medical services and act in the scope of their employment. To allow a hospital to be shielded from the rule of "respondeat superior" liability due to a court's liberal application of the distinction carved out by *Wuerth* would effectively allow the distinction to swallow the rule.

{¶ 26} There is no reason to treat a medical technician differently from a nurse—neither is considered a physician. While MVH urges this court to treat radiological technicians as physicians due to some similarities between the two (e.g., Ohio certification and continuing-education requirements), a radiological technician is not a physician. Even if a technician or nurse is doing work similar to that of a physician, "the fact that a particular act is within the duty of care owed to a patient by an attending physician does not necessarily exclude it from the duty of care owed to the patient by a nurse [or technician.]" *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, paragraph five of the syllabus.

{¶ 27} MVH urges this court to delay this decision until the Supreme Court of Ohio decides whether it will accept jurisdiction over *Stanley*. However, the court declined jurisdiction to hear *Stanley* after MVH filed its brief.

**Agency by Estoppel**

{¶ 28} Next, we must address the agency-by-estoppel theory presented by the Copes in their motion to reconsider. At the onset, MVH is incorrect in asserting that this court is precluded from addressing this argument. It is well founded that " 'reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.' " *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, quoting *Goldberg v. Indus. Comm.* (1936), 131 Ohio St. 399. See also *State ex rel. Ohio Civ. Serv. Employees Assn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, at ¶ 10. However, the agency-by-estoppel theory was presented by the Copes in their motion to reconsider. MVH argued against this theory in its response to the Copes' motion. The trial court, in denying the reconsideration motion and upholding summary judgment for MVH, noted that it considered all motions set forth by the parties, which would naturally include the agency-by-estoppel argument. Thus, this argument is properly before this court.

{¶ 29} "A hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care." *Clark v. Southview Hosp. & Family Health Ctr.* (1994)*,* 68 Ohio St.3d 435, syllabus.

{¶ 30} "Agency by estoppel is not a direct claim against a hospital, but an indirect claim for the vicarious liability of an independent contractor with whom the

hospital contracted for professional services." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, at ¶ 27. Relying on these cases, in *Tausch v. Riverview Health Inst., L.L.C.*, 187 Ohio App.3d 173, 2010-Ohio-502, this court observed that " 'agency by estoppel is a derivative claim of vicarious liability whereby the liability of the hospital must flow through the independent-contractor physician.' " Id. at ¶ 19, quoting *Comer v. Risko* at ¶ 28.

{¶ 31} Here, the Copes properly alleged this agency theory in their motion to reconsider as an avenue by which agency might be proven. MVH, as the party moving for summary judgment, bore the burden of demonstrating that there were no genuine issues of material fact concerning an essential element of the Copes' theory. In an effort to meet this burden, MVH presented evidence to the trial court revealing that Mrs. Cope had a treating physician who ordered an MRI procedure. Deposition testimony attached to MVH's response in opposition to reconsideration additionally revealed that the parties knew the procedure was going to be an MRI under anesthesia because Mrs. Cope was uncomfortable lying flat and still for the length of time that was necessary.

{¶ 32} However, it is not clear whether Mrs. Cope's physician specifically selected Bennett and Kwon as the individuals to serve Mrs. Cope while she was at MVH. It is also not clear whether the physician selected MVH as the site of the procedure. Thus, Mrs. Cope's reliance, or lack thereof, on the hospital is not entirely clear. MVH attached only a portion of the deposition transcript to its motion before the trial court. The transcript proves only that Mrs. Cope had a physician who ordered an MRI. The complete scope of this physician's involvement and Mrs.

Cope's reliance on her physician is unknown. With this essential question remaining, MVH did not meet its burden to establish that no genuine issue of material fact remained to be litigated.

{¶ 33} Furthermore, there is no record that the deposition transcripts were filed with the trial court. As noted supra, "the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Dresher*, 75 Ohio St.3d at 292. "While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." Id. at 293. Based on the evidence in the record, and considering the motions and attachments thereto, MVH failed to present sufficient evidence to prove that no genuine issue of material fact remained with the case. In fact, genuine issues of material fact exist, including Mrs. Cope's level of reliance on her physician and the physician's involvement in ordering the MRI.

### Affirming Summary Judgment on Separate Grounds

{¶ 34} Finally, we must note a separate argument by appellee. MVH alleges that this court should affirm the trial court's summary judgment because the Copes "failed to submit an affidavit of merit critical" to the radiologist technician or technicians. While the Copes acknowledge this argument by responding to it in a reply brief, this issue is not properly before the court for two distinct reasons:

{¶ 35} First, if MVH wished to allege that the summary-judgment ruling was correct on a separate basis, the avenue to do so would have been via a cross-assignment of error. A cross-assignment of error is distinct from a cross-appeal. R.C. 2505.22 provides: "In connection with an appeal of a final

order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal * * *." See *Ohio Assn. of Pub. School Employees/AFSCME Local 4, AFL-CIO v. Madison Local School Dist. Bd. of Edn.*, 190 Ohio App.3d 254, 2010-Ohio-4942, at ¶ 83-89 (Cannon, J., concurring). Here, although MVH had the option to do so, it did not file any cross-assignments of error for this court to consider.

{¶ 36} Second, MVH did not allege to the trial court that summary judgment should be entered for the additional reason of a missing affidavit. It is a universal principle of appellate procedure that "[a] party who fails to raise an argument in the court below waives his or her right to raise it [on appeal]." *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 278. MVH did not raise the affidavit argument to the trial court in support of summary judgment. While an appellate court may affirm a trial court's decision on separate grounds, the evidentiary basis on which the appellate court relies still must have been adduced before the trial court. *State v. Peagler* (1996), 76 Ohio St.3d 496, 499. MVH did not direct the trial court to an evidentiary basis supporting such a contention, as required by Civ.R. 56(C). Thus, this argument cannot and will not be considered now.

### Conclusion

{¶ 37} This court has held that a suit against a hospital could proceed where an alleged negligent employee was not named as a defendant. *Stanley*, 2011-Ohio-1290 at ¶ 22, citing *Holman v. Grandview Hosp. Med. Ctr.* (1987), 37 Ohio App.3d 151. We hold, as this court did in *Stanley*, that *Wuerth* does not preclude a suit against MVH for the negligence of its employee technicians, despite

the fact the technician or technicians were not named as defendants in the Copes' complaint. Because the suit containing the medical-negligence claims was timely filed for the alleged negligence of an MRI technician or technicians, respondeat superior applies. Since *Wuerth* is inapplicable to the instant medical-negligence claim, summary judgment was not appropriate. Additionally, because factual questions exist about the agency-by-estoppel theory of liability, summary judgment was not appropriate with regard to that claim.

{¶ 38} As a result, MVH is not entitled to judgment as a matter of law, and the trial court erred in granting MVH's motion for summary judgment.

{¶ 39} The Copes' sole assignment of error is therefore sustained. The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

TIMOTHY P. CANNON, J., of the Eleventh District Court of Appeals, sitting by assignment.