[Cite as *Henik v. Robinson Mem. Hosp.*, 2012-Ohio-1169.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IRENE HENIK

    Appellant

    v.

ROBINSON MEMORIAL HOSPITAL, et al.

    Appellees

C.A. No.    25701

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-01-0412

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

MOORE, Judge.

{¶1}    Appellant, Irene Henik, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for further proceedings.

I.

{¶2}    On January 16, 2009, Appellant Irene Henik, individually and as administratrix of the estate of Jozelle Henik, filed a wrongful death action. She alleged that on February 10, 2007, Robinson Memorial Hospital, and its employees and agents, negligently failed to diagnose a placental abruption. As a result of this failure, her unborn child, Jozelle, died in utero on that day and was delivered stillborn. Ms. Henik's original complaint included several defendants fictitiously named. On January 6, 2010, Henik filed an amended complaint substituting Carol Klemencic and Dr. Manjy Vijayvargiya for the defendants fictitiously named, and directing service.

{¶3} On May 3, 2010, Dr. Vijayvargiya filed a motion to dismiss because the action was time-barred by the two-year statute of limitations, and because Ms. Henik failed to properly commence her action to obtain the "relation back" provisions of Civ.R. 15(D) and Civ.R. 3(A). On May 11, 2010, Henik filed a brief in opposition. On May 19, 2010, Ms. Klemencic filed a motion for summary judgment based on Henik's failure to properly commence the action against her within the statute of limitations. Ms. Henik filed a brief in opposition on July 8, 2010. On August 6, 2010, the trial court granted Dr. Vijayvargiya's motion to dismiss and Ms. Klemencic's motion for summary judgment. On September 1, 2010, Robinson Memorial Hospital filed a motion for summary judgment arguing that because Henik failed to timely commence a claim for malpractice against a hospital employee, it could not be held liable. Ms. Henik filed a brief in opposition on September 20, 2010. The trial court granted Robinson Memorial Hospital's motion for summary judgment on October 25, 2010.

{¶4} Ms. Henik timely filed a notice of appeal. She raises three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED [] VIJAYVARGIYA['S] [] MOTION TO DISMISS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED [] KLEMENCIC'S MOTION FOR SUMMARY JUDGMENT.

{¶5} We address the first two assignments of error together because they are closely related. In her first and second assignments of error, Henik argues that the trial court erred in concluding that Civ.R. 15(D) and Civ.R. 3(A) required her to obtain service upon Ms. Klemencic

and Dr. Vijayvargiya within one year of filing the complaint, especially in light of Ohio's saving statute. We do not agree.

{¶6} "Whether the trial court properly denied [Dr. Vijayvargiya's] motion to dismiss the complaint for failure to timely perfect service presents a question of law, which we review de novo. *Integrity Technical Servs., Inc. v. Holland Mgmt., Inc.*, 9th Dist. No. 02CA0009-M, 2002-Ohio-5258, ¶ 30, citing *Western Reserve Mut. Cas. Co. v. GMC*, 9th Dist. No. 00CA0003, 2000 WL 1824888 at *2 (Dec. 13, 2000). A court also reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Because the assignments of error pertain to the same undisputed facts, and are subject to the same standard of review, we will review them together.

{¶7} Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year of such filing upon a named defendant, * * * or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." Civ.R. 15(D) provides: "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."

{¶8} "[A] plaintiff may benefit from the one-year period allowed in Civ.R. 3(A) to perfect personal service upon the fictitiously named defendant *if the plaintiff has otherwise complied with Civ.R. 15(D) in filing the complaint.*" *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, ¶ 25, citing *Amerine v. Haughton Elevator Co.*, 42 Ohio St.3d 57, 58 (1989).

"Dividing Civ.R. 15(D) into its component parts, we find there to be five separate requirements, all of which must be satisfied in order to comply with the rule. First, the plaintiff cannot know the name of the defendant. Second, the plaintiff must provide an adequate description of the defendant in its complaint. This requirement facilitates service on the fictitiously named defendant. Third, the plaintiff, in its complaint, must aver the fact that it could not discover defendant's name. Fourth, the summons must contain the phrase 'name unknown.' Last, the fictitious party must be personally served with the summons." (Internal citations omitted.) *Brady v. Bucyrus Police Dept.*, 194 Ohio App.3d 574, 2011-Ohio-2460, ¶ 24 (3d Dist.). Applying these requirements to the record, we conclude that Henik failed to comply with Civ.R. 15(D).

{¶9} The statute of limitations in a wrongful-death action runs two years from the date of the decedent's death. R.C. 2125.02(D)(1). Ms. Henik's child was stillborn on February 10, 2007. Henik timely filed her original complaint on January 16, 2009. In her original complaint, Henik named Robinson Memorial Hospital, Northeast Ohio OB/GYN Associates, LTD., Mary J. Adamson, C.N.M., Beth A. Reynolds, D.O. and Akron Radiology, Inc. as named defendants. Additionally, the complaint included fictitiously-named defendants "John Doe, M.D. and/or John Doe, MD., Inc. and John Foe, R.N. and/or L.P.N. and/or Joe Foe, R.N. and or L.P.N., Inc.," alleging that these fictitiously name defendants provided care to the decedent and that their true names and addresses were unknown. Pursuant to Civ.R. 3(A), Henik had one year from January 16, 2009, to perfect service on all defendants. See *Burgess*, 116 Ohio App.3d at 68.

{¶10} In order to perfect service on the fictitiously named parties, Ms. Henik needed to comply with all of the service requirements of Civ.R. 15(D). Thus, service was required to be perfected by personally serving the fictitiously named party with the summons containing the

phrase "name unknown." *Brady* at ¶ 27. Henik failed to comply with these requirements. The words "name unknown" do not appear anywhere in the summons. At no point within a year of filing the original complaint did Ms. Henik perfect personal service on the fictitious parties. Instead, she filed an amended complaint on January 6, 2010 substituting Ms. Klemencic and Dr. Vijayvargiya for two of the "John Doe" defendants, and directed that they both be personally served. This amended complaint was filed well after the expiration of the two-year statute of limitations on February 10, 2009. In addition, it was not served within a year of the original complaint as required by Civ.R. 3(A). Because she failed to comply with all of the service requirements of Civ.R. 15(D), she was unable to claim the benefit of the relation back of the amended complaint as provided by Civ.R. 3(A). *See LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 24. As a result, Henik had not commenced an action against the fictitious parties prior to the expiration of the two-year statute of limitations. Accordingly, we conclude that the fictitiously named parties, who were later replaced with Ms. Klemencic and Dr. Vijayvargiya, were never properly joined prior to the expiration of the two-year statute of limitations.

{¶11} Ms. Henik urges this Court to construe her amended complaint filed after the applicable statutory period as a dismissal of her original complaint, and an election to invoke the saving statute under R.C. 2125.04. She argues that the Ohio Supreme Court's holding in *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549 (1991) allows this Court to do so. However, *Goolsby* is distinguishable from this case on its facts. There, the "original complaint was filed, it was not dismissed, and a demand for service was made – all prior to the expiration of the limitations period." *Id.* at 551. The Ohio Supreme Court stated that "[u]nder these circumstances, an application of Civ.R. 3(A) barring Goolsby from obtaining a resolution on the

merits would not comport with the spirit of the Civil Rules." *Id.*, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175 (1973). In *Goolsby*, the instruction to attempt service was made within the original statute of limitations. Conversely, Henik directed service on January 6, 2010, nearly a year after the expiration of the statutory period. Furthermore, the Ohio Supreme Court has held that "Ohio's R.C. 2305.19(A) saving statute is inapplicable to an action that was not commenced pursuant to the specific requirements of Civ.R. 15(D), so as to allow an amendment to relate back to the date of the original complaint under Civ.R. 15(C) and Civ.R. 3(A)." *LaNeve* at ¶ 24. Thus, the saving statute is not available to Henik where she failed to comply with Civ.R. 15(D), and filed an amended complaint and instructed service after the statute of limitations. Accordingly, her first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED [] ROBINSON MEMORIAL HOSPITAL'S MOTION FOR SUMMARY JUDGMENT.

{¶12} In her third assignment of error, Ms. Henik argues that the trial court erred when it granted Robinson Memorial Hospital's motion for summary judgment. We agree.

{¶13} As discussed in the first assignment of error, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (1983).

{¶14} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327 (1977).

{¶15}  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id*.  Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial.  *Id*. at 293.  The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact.  *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (1991).

{¶16}  In the trial court below, Robinson Memorial Hospital filed a motion for summary judgment arguing that because the court dismissed Klemencic as a party, it was now entitled to summary judgment pursuant to *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601.  There, the Ohio Supreme Court held that "[a] law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice."  *Id.* at paragraph two of the syllabus.  The trial court applied *Wuerth* to the case at hand and concluded that because "[a] hospital does not practice medicine and is incapable of committing malpractice," Robinson Memorial Hospital was not capable of being directly liable for the decedent's death.  *Browning v. Burt,* 66 Ohio St.3d 544, 556 (1993).  Thus, it granted Robinson Memorial Hospital's motion for summary judgment.

{¶17}  On appeal, Ms. Henik contends that this decision constituted error because she did not bring a suit for medical malpractice against the hospital, but rather for negligence under the

doctrine of respondeat superior. Thus, she argues, *Wuerth* was not applicable and summary judgment should not have been granted.

{¶18} In *Cope v. Miami Valley Hosp.*, 195 Ohio App.3d 513, 2011-Ohio-4869 (2d Dist.), the Second District addressed this issue. There, the trial court found that because no agent or employee of the hospital was left active in the case, summary judgment was appropriate in favor of the hospital because a hospital cannot commit malpractice. *Id.* at ¶ 19. However, the Second District concluded that *Wuerth* must be narrowly applied, specifically to malpractice suits, and not to other medical claims. *Id.* at ¶ 21. "[I]t is well-established common law of Ohio that malpractice is limited to the negligence of physicians and attorneys." *Wuerth* at ¶ 15. "Thus, no other medical employees are subject to malpractice; for instance, '[t]he Ohio Supreme Court has held that the negligence of nurses employed by a hospital does not fall under the definition of "malpractice" as discussed in R.C. 2305.11(A). Rather, the alleged negligence of a nurse employee falls under the definition of a "medical claim" in R.C. 2305.113(A).'" (Citations omitted). *Cope* at ¶ 22. Thus, a suit against a hospital under a theory of respondeat superior may proceed where an alleged negligent employee was not named as a defendant. *Id.* at ¶ 37.

{¶19} Here, Robinson Memorial Hospital was timely sued for negligence under the doctrine of respondeat superior based upon the actions Ms. Klemencic, its employee. Because she was not a physician and was not timely named as a defendant, *Wuerth* is inapplicable, and a suit under a theory of respondeat superior may still proceed. Accordingly, summary judgment was not appropriate, and Ms. Henik's third assignment of error is sustained.

III.

{¶20} Ms. Henik's first and second assignments of error are overruled. Her third assignment of error is sustained. The matter is remanded to the trial court for further proceedings.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

CARR, P. J.
CONCURS.

DICKINSON, J.
<u>CONCURRING.</u>

{¶21} I concur in the majority's judgment and opinion. I write separately to emphasize that service of Ms. Henik's amended complaint was accomplished on Ms. Klemencic on February 15, 2010, and on Dr. Vijayvargiya on April 8, 2010. That is, service of the amended complaint was not accomplished on either Ms. Klemencic or Dr. Vijayvargiya within a year of when Ms. Henik filed her original complaint. The majority's opinion should not be read as meaning anything regarding the result this Court would have reached if service of the amended complaint had been accomplished within a year of the filing of the original complaint.

<u>APPEARANCES:</u>

WILLIAM S. JACOBSON and BRENDA M. JOHNSON, Attorneys at Law, for Appellant.

DOUGLAS G. LEAK, Attorney at Law, for Appellee.

STACY R. DELGROS, Attorney at Law, for Appellee.

DAVID M. BEST, Attorney at Law, for Appellee.

KURT R. WEITENDORF, Attorney at Law, for Appellee.