[Cite as *Green v. Luxe Laser Ctr.*, 2025-Ohio-682.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| JoGina Green | Court of Appeals No. L-24-1073 |
| Appellant | Trial Court No. CI0202202982 |
| v. | |
| Luxe Laser Center, et al. | **DECISION AND JUDGMENT** |
| Appellee | Decided: February 28, 2025 |

* * * * *

Lorri J. Britsch, for appellant.

Taylor C. Knight, Alexandria M. Balduff,
And Jorden R. Messmer, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment by the Lucas County Common Pleas

Court which granted the Civ.R. 12(B)(6) motion to dismiss filed by defendants-

appellees,[1] Luxe Laser Vein and Body Center, Wade Banker, M.D., and Morgan Ruffier,

---

[1] Four additional named defendants in the amended complaint are not parties to this appeal: (1) "John Doe #1 (employer – whose actual name is unknown and whose name and address the Plaintiff could not discover)," (2) "John Doe #2 (employee – whose actual name is unknown and whose name and address the Plaintiff could not discover)," (3) "John Doe #3 (medical doctor/supervisor – whose actual name is unknown and whose name and address the Plaintiff could not discover)," and (4) the Ohio Department of Medicaid, "an involuntary Plaintiff so that it may appear and protect its interests."

R.N., against plaintiff-appellant JoGina Green. For the reasons set forth below, this court affirms the trial court's judgment.

{¶ 2} Appellant sets forth three assignments of error:

> 1. The trial court erred when it granted the Motion to Dismiss the Complaint based on its mistaken conclusion that *Clawson v. Heights Chiropractic Physicians, LLC*, 170 Ohio St.3d 451, 2022-Ohio-4154, applied to nurses.
> 2. By dismissing the Complaint against Appellee, Luxe Laser, the trial court erred because the nurse's actions constitute a "medical claim" under R.C. 2305.113, and the doctrine of respondeat superior is still viable.
> 3. The trial court erred by granting the Motion to Dismiss the Complaint based on its mistaken conclusion that Wade Baker, M.D., and Morgan Ruffier, R.N., should have been named in the original complaint.

## I. Background

{¶ 3} On July 8, 2022,[2] as amended on March 9, 2023,[3] appellant filed a complaint against defendants-appellees alleging medical malpractice for second- and third-degree burns resulting from a laser hair-removal treatment on December 20, 2021, at Luxe Laser Vein and Body Center[4] (hereafter, "Luxe Laser") "and/or John Doe #1" in the city of Maumee, Lucas County, Ohio. This was the third of six scheduled hair-removal sessions to appellant's legs and thighs. The previous two sessions occurred without incident.

---

[2] The original complaint named five defendants: (1) "Luxe Laser Center," (2) the Ohio Department of Medicaid, (3) John Doe #1, an unidentified employer, (4) John Doe #2, an unidentified employee, and (5) John Doe #3, an unidentified employee.

[3] The amended complaint named seven defendants: (1) "Luxe Laser Center," (2) the Ohio Department of Medicaid, (3) John Doe #1, an unidentified employer, (4) John Doe #2, an unidentified employee, (5) John Doe #3, an unidentified medical doctor/supervisor, (6) Wade Banker, M.D., and (7) Morgan Ruffier, R.N.

[4] On August 15, 2023, the trial court ordered the clerk to amend the docket to reflect this corrected name for the defendant, originally called by appellant "Luxe Laser Center."

2.

{¶ 4} Appellant alleged that on December 20, 2021, Ruffier, a registered nurse, "and/or John Doe #2," committed medical malpractice by breaching the applicable standard of medical care when they increased the power during the laser hair-removal session and causing appellant's second- and third-degree burns.

{¶ 5} Appellant alleged Banker, a medical doctor, "and/or John Doe #3," committed medical malpractice by breaching the applicable standard of medical care for both direct care to appellant and for when they failed to supervise Ruffier's improper use of the laser hair-removal equipment on December 20, 2021, which caused appellant's second- and third-degree burns. Appellant further alleged respondeat superior liability by Banker "and/or John Doe #3" for the actions by Ruffier "and/or John Doe #2."

{¶ 6} Appellant alleged Luxe Laser "and/or John Doe #1," committed medical malpractice by breaching the applicable standard of medical care for both direct care to appellant and for when they failed to supervise Ruffier's improper use of the laser hair-removal equipment on December 20, 2021, which caused appellant's second- and third-degree burns. Appellant further alleged respondeat superior liability by Luxe Laser "and/or John Doe #1" for the actions by Ruffier "and/or John Doe #2."

{¶ 7} Defendant Medicaid answered the original complaint asserting its automatic right of recovery under R.C. 5160.37, and asserted a recovery crossclaim against all defendants. Luxe Laser answered the original complaint generally denying the allegations and asserting various affirmative defenses. None of the three John Does answered the original complaint, and in the record there is no return of service to the summons and

3.

complaint mailed by the clerk's office according to appellant's instructions.[5] Luxe Laser then filed a motion for summary judgment which the trial court determined to be moot after appellant filed her amended complaint on March 9, 2023.

{¶ 8} Then on March 23, 2023, defendants-appellees jointly filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Appellant opposed the motion, and appellees replied in support of their motion. While the motion to dismiss was pending, the parties engaged in discovery for a trial date eventually scheduled for August 20, 2024. Meanwhile, on March 14, 2024, defendants-appellees jointly filed a Civ.R. 56 motion for summary judgment. Before any further pleadings were filed, on March 21, 2024, the trial court granted appellees' motion to dismiss and thereafter rendered moot their pending motion for summary judgment. This appeal ensued.

## II. Standard of Review

{¶ 9} We review de novo the trial court's decision granting a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted by accepting as true all factual allegations in the complaint. *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10. "'[T]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.' To grant the motion, 'it must appear beyond doubt that the plaintiff can prove no set of facts in

---

[5] The summons for "John Doe #1," "John Doe #2," and "John Doe #3" were each mailed to "ACTUAL NAME UNKNOWN" as the entire mailing address. In contrast, the summons for Luxe Laser was mailed to "Luxe Laser Center, c/o WLB International LLC S/A, 1500 Holland Road, Maumee, OH 43537."

4.

support of the claim that would entitle the plaintiff to the relief sought.'" (Citations omitted.) *Id.*

## III. Analysis

{¶ 10} Appellees' Civ.R. 12(B)(6) motion to dismiss advanced two arguments.

{¶ 11} First, appellees argued appellant's claims against Banker and Ruffier were time-barred by the applicable statute of limitations.

{¶ 12} Appellees argued there was no dispute that appellant alleged she was injured on December 20, 2021, her third hair-removal session. Thus, where appellant was capable of identifying Banker and Ruffier from the medical records prior to filing the July 8, 2022 original complaint when she designated three John-Doe placeholders, she did not comply with Civ.R. 15(D) when she subsequently amended her complaint on March 9, 2023, such that the amended complaint did not relate back to July 8, 2022, and the statute of limitations had expired. Appellees further argued that appellant's March 9, 2023 amended complaint specifically added Banker and Ruffier and did not substitute any of the three John-Doe defendants because in her the amended complaint, after nearly 15 months of investigation since her injury, appellant continued to assert individual claims against each John Doe.

{¶ 13} In the amended complaint, "John Doe #1" is identified as an "employer - whose actual name is unknown and whose name and address the Plaintiff could not discover" and is separately named in the allegations stated in paragraph nos. 2, 11, 16, 18, 22, 24, 25, and 28. In contrast, Luxe Laser is identified as the employer of Banker and

5.

Ruffier[6] and is separately named in the allegations stated in paragraph nos. 2, 3, 5, 18, 20, 22, 24, 25, and 28.

{¶ 14} In the amended complaint, "John Doe #2" is identified as an "employee - whose actual name is unknown and whose name and address the Plaintiff could not discover" and is separately named in the allegations stated in paragraph nos. 5, 11, 16, 18, 24, 27, and 28. In contrast, Ruffier is identified as a registered nurse employed by Luxe Laser and is separately named in the allegations stated in paragraph nos. 3, 5, 7, 8, 11, 18, 22, 24, 27, and 28.

{¶ 15} In the amended complaint, "John Doe #3" is identified as a "medical doctor/supervisor - whose actual name is unknown and whose name and address the Plaintiff could not discover" and is separately named in the allegations stated in paragraph nos. 8, 16, 22, 24, and 25. In contrast, Banker is identified as a medical doctor employed by Luxe Laser and is separately named in the allegations stated in paragraph nos. 3, 7, 8, 11, 18, 20, 22, 24, 25, and 28.

{¶ 16} Appellees conceded that appellant's claims against Banker and Ruffier were "medical claims" under R.C. 2305.113(E)(3). Appellees then argued appellant's "medical claims" were subject to Adm.Code 4731-18-02(A) and (C) and 4731-18-03(A), which collectively stated: (1) that the application of light-based medical devices to the human body is the practice of medicine and surgery, osteopathic medicine and surgery,

---

[6] The amended complaint named seven defendants and broadly alleges, "At the time of the alleged medical malpractice, Defendants were all owners/employees/agents/servants of Defendant, Luxe Laser[.]"

6.

and podiatric medicine and surgery; and (2) that Banker, a physician authorized to practice medicine and surgery, may delegate to Ruffier, a registered nurse, the application of the light-based medical devices to the human body. Appellees concluded that appellant's "medical claims" against Ruffier and Banker were time-barred under R.C. 2305.113(A).

{¶ 17} Citing *Erwin v. Bryan*, 2010-Ohio-2202, paragraph two of the syllabus, appellees argued the Ohio Supreme Court clearly stated that appellant was prohibited from using Civ.R. 15(D) to defeat the one-year statute of limitations for "medical claims" under R.C. 2305.113(A). Thus, appellant was prohibited from using Civ.R. 15(D) to name the three John Doe defendants as placeholders in a complaint filed on July 8, 2022, within the statute-of-limitations period, to then defeat that statute-of-limitations period by naming Banker and Ruffier in the amended complaint filed on March 9, 2023, after the statute-of-limitations period expired on December 20, 2022. Appellant had the duty to investigate the identity of the allegedly culpable party or parties upon discovering her injury, and her delay in timely identifying the culpable party or parties did not delay the running of the statute of limitations. *Id.* at ¶ 26-27. This court follows *Erwin's* guidance. *Harris v. Firelands Regional Med. Ctr.*, 2018-Ohio-3085 (6th Dist.).

{¶ 18} The trial court agreed. The trial court determined that Civ.R. 15(D) governed the amendment of appellant's complaint where three fictitious defendants were initially unknown but, upon discovery of those defendants as Luxe Laser for "John Doe #1," Ruffier for "John Doe #2," and Banker for "John Doe #3," appellant was required to amend the pleading accordingly. Citing *Flowers v. Walker*, 63 Ohio St.3d 546, 550

7.

(1992), the trial court found that the condition precedent to the one-year period allowed in Civ.R. 3(A) for appellant to perfect personal service on a fictitious defendant is compliance with Civ.R. 15(D), which appellant did not do. "Plaintiff had the responsibility to identify the practitioners responsible for her injuries." The trial court determined that appellant's pleading opposing appellees' motion to dismiss acknowledged awareness of Banker's identity prior to the original complaint because of a letter requesting his liability insurance information for the incident date. The trial court further determined that with the incident being the third laser-removal treatment, "it [was] reasonable that Plaintiff should have learned the name of the individual that performed laser hair removal on her prior to filing her Complaint, especially considering the Complaint was filed five months prior to the statute of limitations expiring." Citing *Erwin* at ¶ 34, the trial court found that appellant's descriptions of the fictitious John-Doe defendants were insufficiently described and without mailing addresses such that no personal service could be obtained upon the filing of the complaint, as Civ.R. 15(D) directs.

{¶ 19} The trial court reviewed appellant's motion for leave to amend the complaint where appellant stated the purpose was to add, not substitute for an existing defendant, Banker and Ruffier who supervised and administered the laser hair-removal services to appellant. The trial court reviewed the amended complaint and found that appellant continued to name "John Doe #1", "John Doe #2", and "John Doe #3" throughout the amended complaint "separate and apart from the named Defendants."

8.

{¶ 20} The trial court further determined that Civ.R. 15(C) did not resolve appellant's fatally flawed amended complaint because she added, and did not substitute, Banker and Ruffier as defendants.

{¶ 21} Ultimately, the trial court determined that,

[E]ven had Plaintiff substituted Dr. Banker and Nurse Ruffier versus adding them in the Amended Complaint, this Court is unsure whether Plaintiff would have been afforded the protections of relation back based on the failure to: (1) investigate the names and identities of allegedly culpable medical professions in a medical malpractice suit; and (2) properly identify and describe the defendants in her original Complaint.

{¶ 22} In their second Civ.R. 12(B)(6) argument, appellees argued appellant's respondeat superior/vicarious liability claims against Luxe Laser fail as a matter of law.

{¶ 23} Appellees argued that appellant failed to comply with R.C. 2305.113(B)(1) to extend the one-year statute-of-limitations period an additional 180 days. Appellees further argued that since Civ.R. 15(D) did not suspend the running of the one-year statute of limitations commencing on December 20, 2021, as a matter of law her "medical claims" filed on March 9, 2023, against Banker and Ruffier are time-barred. Consequently, appellees argued that where appellant's claims against Banker and Ruffier failed, then her respondeat superior/vicarious liability claim against Luxe Laser also failed as a matter of law under *Clawson v. Hts. Chiropractic Physicians, L.L.C.*, 2022-Ohio-4154.

{¶ 24} The trial court agreed, having found that appellant's "medical claims" against Banker and Ruffier were time-barred. Citing *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 2009-Ohio-3601, *Clawson*, Adm.Code 4731-18-02(A), R.C.

9.

4731.33(B) and R.C. 4731.33(E), the trial court found that "Plaintiff's remaining claims against Defendant Luxe Laser can only be characterized as medical malpractice claims. . . . Although nurses cannot be liable for malpractice, the circumstances involving light-based medical devices are clearly the responsibility and actions of physicians." The trial court continued, "Because any and all medical malpractice claims Plaintiff could have asserted against Nurse Ruffier or Dr. Banker have been time-barred, it does not follow that Plaintiff can hold Defendant Luxe Laser liable for their alleged medical malpractice."

{¶ 25} The trial court rejected appellant's urging to treat her "medical claim" against Luxe Laser as being against a hospital or nursing home for respondeat superior/vicarious liability for the collective acts of negligence by numerous employees taking place over several months. The trial court found no comparison where: (1) Luxe Laser is not an individual or facility listed under R.C. 2305.113(E)(3); (2) appellant's negligence allegation "is limited to one date of treatment involving arguably two individuals"; and (3) "Defendant Luxe Laser is not an individual capable of practicing medicine or committing malpractice."

{¶ 26} As more fully discussed below, upon our de novo review we agree with the trial court's foregoing reasoning and determine that appellant's "medical claims" against Banker and Ruffier expired on December 20, 2022, and, consequently, that appellant's respondeat superior liability claims against Luxe Laser also fail.

10.

## A. Statute of Limitations

{¶ 27} Appellant argues in support of her first assignment of error that her "medical malpractice" claim against Ruffier, a nurse-employee, is defined by R.C. 2305.113(A) as a "medical claim." So far appellees agree. However, appellees disagree with appellant's argument that Adm.Code 4731-18-02(A) does not apply to a "medical claim" against a nurse-employee where Ruffier does not practice medicine and surgery.

{¶ 28} Appellant reasons that, "It is well-established common law of Ohio that malpractice is limited to the negligence of physicians and attorneys," citing *Cope v. Miami Valley Hosp.*, 2011-Ohio-4869 (2d Dist.). As an R.C. 2305.113 "medical claim," appellant cites *Wuerth*, to argue that Luxe Laser and Banker remain liable for Ruffier's acts under the doctrine of respondeat superior liability and that appellant may choose to sue the master, servant, or both. Appellant acknowledges that Ruffier "cannot be held liable for medical malpractice as a nurse." Appellant argues *Clawson* simply does not bar her negligence claim against nurse-employee Ruffier.

{¶ 29} In response, appellees argue that appellant's emphasis on distinguishing her "medical claims" from "medical malpractice" claims are essentially irrelevant. "Green's claims are indeed medical claims. . . . In her Amended Complaint, Green has asserted Dr. Banker and Nurse Ruffier were negligent in their medical care and treatment of her at Luxe Laser in December 2021. Thus, her 'medical claim' is a 'medical malpractice' claim under Ohio law." Appellees argue that Banker and Ruffier hold the professional credentials of physician and registered nurse, respectively, expressly identified in the

11.

medical-malpractice statute, R.C. 2305.113, and in the use-of-light-based-medical-devices-for-hair-removal statute, R.C. 4731.33.

{¶ 30} We agree with appellees' argument in our de novo review of appellant's amended complaint and the reasonable inferences drawn from her allegations in her favor. Appellant repeatedly clarifies she is not seeking common-law "medical malpractice" negligence against Ruffier, nor is she seeking R.C. 2305.11(A) malpractice against Ruffier. Rather, appellant is clear she is asserting an R.C. 2305.113(A) "medical claim" against Ruffier and Banker in their respective servant-master roles. If so, then we reach only one conclusion. Appellant's "medical malpractice" claims against Ruffier, a registered nurse, and Banker, a physician, are defined under R.C. R.C. 2305.113(E)(3) as "medical claims," where Banker is the licensed physician who is authorized to practice medicine and surgery contemplated by R.C. 4731.33(A)(2); Ruffier is a registered nurse under R.C. 4723.011; and Banker is the supervising physician over Ruffier to whom he delegated the application of light-based medical devices for the purpose of appellant's hair removal contemplated by R.C. 4731.33(B)(5)(d). All of appellant's "medical claims" commenced on December 20, 2021 and expired one year later, on December 20, 2022, under R.C. 2305.113(A).

{¶ 31} Appellant's first assignment of error is not well-taken. Appellant's challenge to the application of *Clawson* to Ruffier is misplaced in this assignment of error and will be addressed in our review of her second assignment of error.

{¶ 32} Appellant argues for her third assignment of error that the statute of limitations did not expire on December 20, 2022, because it was automatically extended

12.

by 180 days under R.C. 2323.451(D)(1), citing *Lewis v. MedCentral Health Sys.*, 2024-Ohio-533 (5th Dist.), *appeal allowed,* 2024-Ohio-2160. Appellant argues that *Lewis* held that R.C. 2323.451(D)(1) "permits the claims to proceed against [Banker and Ruffier]" because an additional 180 days are added to the one-year statute of limitations for any "medical claim," not just newly discovered claims or defendants. Appellant argues that *Lewis* further held that R.C. 2323.451(D)(1) does not require compliance with Civ.R. 15(D). Appellant argues that in her amended complaint she intended to substitute Banker and Ruffier "for the John Doe defendants named in the original Complaint." By adding Banker and Ruffier under Civ.R. 15, appellant argues she successfully substituted them for the applicable John Doe defendants and her claims were timely asserted against them. Although appellant admits to failing to raise R.C. 2323.451(D)(1) with the trial court, she urges this court to entertain appellant's argument under our de novo review.

{¶ 33} In response, appellees argue appellant's failure to raise R.C. 2323.451(D)(1) with the trial court waived that argument on appeal, citing *Dana Ltd. v. TACS Automation, LLC*, 2021-Ohio-2555, ¶ 50 (6th Dist.).

{¶ 34} In our de novo review of appellant's amended complaint and the reasonable inferences drawn from her allegations in her favor, we agree with appellees' argument. Appellant's amended complaint does not cite R.C. 2323.451(A)(1)(2) as the basis for filing it to be in lieu of R.C 2305.113(B)(1), and our job is not to speculate. None of appellant's briefing to the trial court opposing appellees' motion to dismiss argues the application of R.C. 2323.451 to her amended complaint, and there is nothing in the record regarding R.C. 2323.451 for us to review. App.R. 9(A)(1).

13.

**{¶ 35}** Nevertheless, while we reject appellant's urging us to entertain her argument that R.C. 2323.451(D)(1) automatically extended her one-year statute of limitations for an additional 180 days under our Civ.R. 12(B)(6) de novo review, we fail to understand how that argument helps her. As we have said, appellant's amended complaint adding Banker and Ruffier, and not substituting them for any John-Due defendants, did not preserve the original one-year statute of limitations for the "medical claims" against the three John Does. Appellant's reliance on *Lewis* is misplaced where appellant simply failed to substitute the John Doe defendants and was silent about using R.C. 2323.451 for the amended complaint. *Lewis* at ¶ 4 (the amended complaint eliminated all John Doe defendants, added appellees and several nurses to the action, and recited the action was filed pursuant to R.C. 2323.451(C)-(D)). We find the amended complaint acknowledged two prior hair-removal treatments with defendants Luxe Laser and Ruffier, which further defeats appellant's alleged inability to identify Ruffier and her supervisor, Banker, until after the expiration of the one-year statute of limitations. Nothing under R.C. 2323.451(D)(1) relieved appellant from her duty, starting December 20, 2021, to timely investigate the identity of Luxe Laser, Banker, and Ruffier as the alleged culpable parties for her injuries sustained that day. On March 9, 2023, Luxe Laser, Banker and Ruffier were reasonably discoverable defendants for the same "medical claims" asserted against the three John Does since July 8, 2022.

**{¶ 36}** Appellant's third assignment of error is not well-taken.

14.

## B. Respondeat Superior Liability

{¶ 37} Appellant next argues, without conceding that she failed to comply with the applicable statute of limitations, that, nevertheless, she may independently pursue a respondeat superior/vicarious liability claim against Luxe Laser.

{¶ 38} Appellant argues in support of her second assignment of error that her R.C. 2305.113(A) "medical claim" claim against Ruffier survives the dismissal of Luxe Laser. Appellant argues Luxe Laser meets the definition of a "hospital" under R.C. 2305.113(E)(1) "because the events giving rise to the Complaint resulted from the care, medical diagnosis, and treatment of Ms. Green." Appellant argues that Banker is the sole owner of Luxe Laser and is the doctor responsible for supervising Ruffier's acts using the light-based medical device for appellant's hair removal. Appellant argues Banker breached his duty to supervise Ruffier, and is, therefore, liable for appellant's injuries under the doctrine of respondeat superior liability, citing *Tisdale v. Toledo Hosp.*, 2012-Ohio-1110 (6th Dist.) and *Clawson,* generally. Appellant concludes, "There is no requirement that Dr. Banker and Nurse Ruffier needed to be included in the timely filed original Complaint to maintain the respondeat superior claim against Luxe Laser." From her first assignment of error, appellant argues that *Clawson* does not apply to Ruffier's actions.

{¶ 39} In response, appellees argue that *Clawson* and *Wuerth* defeat appellant's argument to find Luxe Laser vicariously liable for the "medical claims" against Banker and Ruffier after the expiration of the statute of limitations against them.

15.

{¶ 40} We agree with appellees' argument in our de novo review of appellant's amended complaint and the reasonable inferences drawn from her allegations in her favor. "We have long recognized that an employer is vicariously liable for the negligence of its employees under the doctrine of respondeat superior." *Clawson*, 2022-Ohio-4154, at ¶ 12. However, where there is no liability assigned to the employee, it logically follows that the employer is not liable for the employee's actions. *Id.* at ¶ 21, citing *Wuerth*, 2009-Ohio-3601, at ¶ 22. *Clawson* involved whether a delayed medical malpractice claim may be asserted against a licensed chiropractor's employer for the alleged negligence by the licensed chiropractor. The Ohio Supreme Court held that where the direct malpractice claim had expired against a chiropractor under the applicable statute of limitations, the plaintiff may not prevail on a malpractice claim against the chiropractor's employer. *Id.* at ¶ 1. The basic principles of agency law stated in *Wuerth* apply to all principle-agent relationships and claims of vicarious liability based on that relationship. *Id.* at ¶ 32, citing *Wuerth* at ¶ 24. Here, appellant alleges Ruffier is Luxe Laser's employee and is under Banker's direct supervision as the sole owner of Luxe Laser. Appellant's "medical claims" against Banker and Ruffier expired prior to appellant filing her amended complaint naming then. The running of the statute of limitations is a complete bar for appellant's "medical claims" against Banker and Ruffier. Where Ruffier and Banker have no direct liability to appellant, Luxe Laser, which is not a "hospital" under R.C. 2305.113(E)(1) based on the scant information alleged in the amended complaint, has no vicarious liability for their acts.

{¶ 41} Appellant's second assignment of error is not well-taken.

16.

## IV. Conclusion

{¶ 42} On consideration whereof, we find it appears beyond doubt that from the allegations in appellant's amended complaint and any reasonable inferences drawn in appellant's favor, appellant can prove no set of facts to support her "medical claims" against Banker and Ruffier and her respondeat superior/vicarious liability claims against Luxe Laser. The judgment of the Lucas County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____
                                                           JUDGE

Myron C. Duhart, J.           

Charles E. Sulek, P.J.           _____
CONCUR.                                                    JUDGE

                                                      _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.